THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COURTNEY ANTHONY BAILEY
#27976-016
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PENNSYLVANIA
   Plaintiff,

CASE NO. _____

**FILED**
FEB 2 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JURY TRIAL DEMANDED

v.

1. GEORGE WALSH OF THE UNITED STATES MARSHAL SERVICE, 2. UNKNOWN DEPUTY MARSHAL, 3. UNKNOWN NAMED UNITED STATES MARSHALS SERVICE AGENTS, AND 4. THE UNITED STATES MARSHALS SERVICE,
(The United States Marshals Service)
Washington D.C. 20530-1000
   Defendants,

Case: 1:08-cv-00283
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 2/20/2008
Description: Pro Se Gen. Civil

## CIVIL COMPLAINT

Comes now, Courtney Anthony Bailey, a natural person, in good faith, and on his own behalf, and Plaintiff hereinafter, complain aginst the Defendants as follows:

### I. PRELIMINARY STATEMENT

This is a civil complaint brought by the Plaintiff, alleging false arrest, and false imprisonment by the United States Marshals Service and Defendants, in violation of the Fourth Amendment of the United States Constitution, which protects Plaintiff against unreasonable seizures of his person, which lead to a deprivation of liberty, without due process of the law, in violation of the Fifth Amendment of the United States Constitution.

Where the restraint is imposed by virtue of one claiming legal authority to do so, and an arrest occurs, it will be a **false arrest**, as well as **false imprisonment,** and it may be a criminal offense, or the basis of a civil action for damages, for the intentional, unjustified detention or confinement of a person, which unlawfully restrains another's personal freedom of locomotion. Plaintiff seeks nominal, compensatory, and punitive damages, and all cost associated with bringing and maintaining this action.

**RECEIVED**
JAN 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### II. JURISDICTION AND VENUE

Plaintiff invokes this court's jurisdiction pursuant to 28 U.S.C. §1331 (federal Question), Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Fourth and Fifth Amendment of the United States Constitution.

1

This court has supplemental jurisdiction pursuant to 18 U.S.C. §241, and 42 U.S.C. §1985 and 1986 in that Plaintiff alleges a conspiracy by defendants to deprive Plaintiff of his Civil Rights and Rights protected by the United States Constitution.

Venue is proper pursuant to 28 U.S.C. 1391. All Defendants place of business resides in the District of Columbia.

Venue is proper because a party asserting a right under the Constitution of the United States or federal laws may lay venue under either the general venue statue or the special District of Columbia statue, and the courts of the District may exercise their authority in cases committed to them by either.

### III. NOTICE OF CLAIM

On January 14, 2008, Plaintiff sent a Notice of Civil Claim to the United States Marshals Office, Office of General Counsel, CS-3, 12th floor, Washington D.C. 20530-1000, Certified Mail No. **7006-2150-0004-7627-4814**

Defendants are unknown to the Plaintiff, other than George Walsh, therefore Plaintiff sent NOTICE OF CIVIL CLAIM to the Office of General Counsel for the United States Marshals Service, requesting that George Walsh, and other Defendants, be served a copy of Plaintiff's Notice of Claim.

### IV. PRO-SE FILINGS

Plaintiff presents this filing on his own behalf, and request the Court to liberally construe the filing. In Mitchell v. Horn, citing Haines v. Kerner, the Court held that, "[t]he allegations of [a] pro-se complaint [are generally held] to a less stringent standard than formal pleadings drafted by a lawyer." See Mitchell v. Horn, 318 F. 3d 523 (3rd Cir. 2003) citing Haines v. Kerner, 404 U.S. 519,520.

### V. PARTIES

1. Plaintiff, Courtney Anthony Bailey, is currently incarcerated at L.S.C.I. Allenwood, P.O. Box 1000, White Deer, Pennsylvania 17887.

2. Defendant, **George Walsh** of the United States Marshals Service, is being sued in his individual capacity for the acts in transporting Plaintiff across District of Columbia lines, after Plaintiff's false arrest.

3. Defendant, **Unknown Named Deputy Marshal,** is being sued in his indivual capacity for the acts in transporting Plaintiff across District of Columbia lines on February 23, 2005, after Plaintiff was falsely arrested, and falsely inprisoned.

2

4. Defendants, **Unknown Named United States Marshals Service Agents,** is being sued in their individual capacity for the false arrest and false imprisonment of Plaintiff on February 18, 2005.

5. Defendant, **The United States Marshals Service,** is a agency within the Department of Justice, with its cheif offices located in the District of Columbia, and at all times material hereto, was the employer of all Defendants, as United States Marshals officers/agents, and was responsible herto, for the overall investigations, discipline, supervision, and training, and was ultimately responsible for, departmental accountability of all members of the United States Marshals Service.

United States Marshals Service is being sued in its capacity as the employer and/or ostensible employer of Defendants, vicariously liable under the theory of Respondeat Superior.

**At all times relevant to this complaint each Defendant was acting under the color of federal law.**

## VI. FACTS/CAUSE OF ACTION

1. On Febraury 16, 2005, Plaintiff was arrested for possesion of marijuana in the District of Columbia.

2. On February 17, 2005, Plaintiff was brought into the Superior Court of the District of Columbia.

3. On February 17, 2005, Plaintiff's possesion of marijuana charge was nolle prosequi by Aida L. Melendez.

4. In that same proceeding, Plaintiff waived his extradition hearing, and was **"ORDERED"** detained at the District of Columbia Jail pending return to the State of **"MARYLAND"** in the custody of the "proper officials" of that state...
...see exhibit "A" (Court clerk's memorandum), exhibit "B" (Superior Court's Dockett sheet), and exhibit "C" (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER)

5. Plaintiff was then taken to the District of Columbia Jail to await for the **"STATE OF MARYLAND OFFICIALS",** on February 17, 2005.

6. **As of February 17, 2005 after being "ORDERED" to the State of Maryland, Plaintiff was not to be removed from D.C. Jail, unless it was the State of Maryland officials.**

7. On the morning of February 18, 2005, Plaintiff was awaken by the D.C. Jail officials, and brought to receiving and discharge (R&D).

8. While in receiving and discharge, Plaintiff was released into the custody of the **Unknown named United States Marshals** working for the United States District Court for the District of Columbia.

3

9. The United States Marshals removed Plaintiff from the District of Columbia Jail, and took Plaintiff into the United States District Court for the District of Columbia,.....see exhibit "D" (**Central locator report for Bailey, Courtney USM 27976-016 for 2/18/05, and exhibit "E" (Individual custody and detention report USM 129**)

10. Plaintiff was taken in to the Court of the United States Magistrate Judge Alan Kay, where Alan Kay, held Plaintiff without bond, pending removal to the District of Maryland,Greenbelt by the United States Marshals, committed Plaintiff to the Bureau of Prisons, and removed Plaintiff under Rule 40 of the Federal Rules of Criminal Procedure, to be committed to another District...see exhibit "F" (**Commitment to Bureau of Prisons**), and exhibit "G" (**Commitment to another District.**

11. Plaintiff was then brought back to the District of Columbia Jail by the United States Marshals on February 18, 2005.

12. Plaintiff, being unschooled in law, was confused of the proceedings that went on at the United States District Court for the District of Columbia, on February 18, 2005, because the day prior to that, on February 17, 2005, Plaintiff was court **"ORDERED"** to the **STATE OF MARYLAND**, not realizing that the United States Marshals, **"falsely"** effectuated a federal arrest to remove Plaintiff from the District of Columbia Jail on February 18, 2005, and then "covered it up" in the paperwork (**Form 129**), to make it appear that Plaintiff was arrested on Southern Avenue, S.E. Washinton D.C., when Plaintiff was actually at the District of Columbia Jail, waiting on the state of Maryland.

## VII. COUNT 1
### FALSE ARREST/FOURTH AMENDMENT VIOLATION

**"False arrest"** is an arrest made without legal authority, or without sufficient legal authority.

On February 18, 2005, the United States Marshal agents, working for the United States District Court for the District of Columbia, "falsely" effectuated a federal arrest, without sufficient legal authority to remove Plaintiff from the District of Columbia Jail; in the middle of an ongoing extradition process between the Superior Court of the District of Columbia, and the State of Maryland.

The United States Marshals lacked sufficient authority, which should have been a writ of Habeaus Corpus Ad prosequendum, issued pursuant to 28 U.S.C. §2241 (c) (5), or 28 U.S.C. §1651 to remove Plaintiff from the District of Columbia Jail on February 18, 2005.

Assuming Arguendo, even if the United States Marshals did have a writ, a writ, was still insufficient to remove Plaintiff from the District of Columbia Jail, in the middle of an ongoing extradition process on February 18, 2005, because a writ would have only served as a detainer, after Plaintiff was **"ORDERED"** to the demanding State of Maryland.

The United States Marshals knowingly, intentionally, and willfully removed Plaintiff, arbitrarily, and in a wantonly manner, without sufficient legal authority to effectuate a federal arrest on February 18, 2005, which constitutes, a **"false arrest"**, and an **unreasonable seizure of Plaintiff's person in violation of the Fourth Amendment of the United States Constitution.**

## VII. COUNT 2
## FALSE IMPRISONMENT/FIFTH AMENDMENT VIOLATION

"False imprisonment" is the unlawful restraint by one person of physical liberty of another without consent or **legal justification.**

On February 18, 2005, the United States Marshals caused **Alan Kay** (Magistrate Judge) to hold Plaintiff without bond, pursuant to the Bail Reform Act of 1984, which restrained Plaintiff of his lawful liberty....**see exhibit "F", and exhibit "G",** after falsely arresting Plaintiff, and taking Plaintiff out of the District of Columbia jail.

"Liability may be premised on an order of comitment being made without jurisdiction"

On February 18, 2005, the United States Marshals invoked federal jurisdiction over the Plaintiff's person, without legal authority, which lead to Plaintiff being committed to the United States Marshals custody, and the Bureau of Prisons.

These commitment orders were entered without jurisdiction, due to the United States Marshals "false arrest" on Plaintiff's person.

There was no transfer of primary jurisdiction over Plaintiff's person from the Superior Court of the District of Columbia to the United States Marshals, which had custody of the Plaintiff, until their custody was relinquished to the State of Maryland.

Magistrate judge Alan Kay lacked subject matter jurisdiction under Rule 40 of the federal Rules of Criminal Procedure, to commit Plaintiff to another District, because Rule 40 was inapplicable to Plaintiff, after Plaintiff was **"ORDERED"** to the demanding State of Maryland, and was not initially arrested pursuant to an arrest warrant, and Magistrate judge Alan Kay also lacked personal jurisdiction, because of the United States Marshals false arrest which removed Plaintiff from the District of Columbia Jail without the court's process (writ), making Plaintiff's order of Commitment in the United States District Court for the District of Columbia on February 18, 2005, a legal nullity, and entered without jurisdictiction, depriving Plaintiff of his lawful liberty.

Plaintiff would like the court to take judicial notice to **exhibit "H" (ORDER OF RELEASE)**.

As of February 19, 2005, if the "proper officials" of Maryland, did not take Plaintiff into custody by February 23, 2005, Plaintiff was to be regained his lawful liberty, and released from the District of Columbia Jail, but due to the orders that was entered on February 18, 2005, that was entered without jurisdiction, due to the United States Marshals unlawful removal, and false arrest, Plaintiff was still held at the District of Columbia Jail pursuant to the orders entered by Alan Kay.

These orders was futile because, these orders that was entered on February 18, 2005, was the orders that removed Plaintiff from the District of Columbia, on February 23, 2005, by **George Walsh of the United States Marshals Service, and an Unknown Deputy Marshal who accompanied Mr. Walsh.**

If these orders, that was entered on February 18, 2005, was never entered Plaintiff would have been free of his lawful liberty. The United States Marshals, false arrest of Plaintiff on February 18, 2005, produced these futile orders, which deprived Plaintiff of his lawful liberty.

The United States Marshals, intentionally, and willfully, caused Plaintiff to be "falsely imprisoned", pursuant to the orders entered on February 18, 2005, which held Plaintiff without bond, and committed Plaintiff to the Bureau of Prisons without legal justification, which restrained Plaintiff's lawful liberty, without due process of the law, in violation of the Fifth Amendment of the United States Constitution.

## IX. COUNT 3
### UNLAWFUL TRANSPORTATION OF PLAINTIFF ACROSS DISTRICT OF COLUMBIA LINES BY GEORGE WALSH AND AN UNKNOWN DEPUTY MARSHAL

The term "kidnapping", is the unlawful carrying away of a person against his or her will; **false imprisonment coupled with removal of the Plaintiff to another place.**

Due to the "false arrest" of Plaintiff, on February 18, 2005, by the United States Marshals, Plaintiff was removed from the District of Columbia Jail, in the middle of an ongoing extradition process, which lead to Plaintiff being falsely imprisoned, when Magistrate Judge Alan Kay, held Plaintiff without bond, and committed Plaintiff to another District, without jurisdiction.

These orders entered by Magistrate Judge Alan Kay, lead to Plaintiff's unlawful removal from the District of Columbia on February 23, 2005, by **George Walsh of the United States Marshals Service, and an unknown Deputy Marshal.**

**United States Marshals George Walsh, and the unknown deputy Marshal,** transported Plaintiff across District of Columbia lines into the State of Maryland, pursuant to a warrant of removal, which was a "legal nullity", void on its face, because the United States District Court for the District of Columbia lacked the jurisdiction to order Plaintiff removed from the District of Columbia.

**George Walsh and an unknown deputy Marshal, willfully, intentionally, and arbitrarily,** transported Plaintiff, into Maryland, unlawfully, after the United States Marshals effectuated a "false arrest" on February 18, 2005, and removed Plaintiff from the District of Columbia Jail, which lead to orders being entered, depriving Plaintiff of his lawful liberty, which constitutes **"false imprisonment"**, and subsequently lead to Plaintiff's removal from the District of Columbia, which coupled with false imprisonment consitutes **"kidnapping"**.

### X. CLAIMS FOR RELIEF

1. The Defendants, falsely arrested Plaintiff on February 18, 2005, of which violated Plaintiff's rights protected by the Fourth Amendment of the United States Constitution, against unreasonable seizures of Plaintiff's person.

2. The Defendants, caused Plaintiff to be falsely imprisoned on February 18, 2005, of which violated Plaintiff's right protected by the Fifth Amendment of the United States Constitution, against a deprivation of liberty without due process of the law.

3. The Defendant, conspired to deprive Plaintiff of his protected Fourth Amendment rights, in falsifying documents, making it seem like Plaintiff was arrested on February 18, 2005, at Southern Avenue S.E., Washington D.C., when in actuality Plaintiff was removed from the District of columbia Jail on February 18, 2005, by the United States Marshals....see Exhibit "E" USM FORM 129.

## DEMAND FOR RELIEF

A. Plaintiff seeks a cumulative award of nominal damages, jointly, and severally, in the amount of five million dollars ($5,000,000.00), against Defendants for the conduct set forth in this complaint.

B. Plaintiff seeks a cumulative award of punitive damages jointly and severally, in the amount of fifty million dollars ($50,000,000.00), against Defendants for the conduct set forth in this complaint.

C. Plaintiff seeks a cumulative award of compensatory damages jointly and severally in the amount of fifty million dollars ($50,000,000.00), against Defendants for the conduct set forth in this complaint.

D. Plaintiff seeks court cost and all expenses associated with bringing this action, to be awarded jointly and severally against all Defendants, and

E. Such other Relief as the Court may deem fit and just, and in the best interest of justice.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THE COURT GRANT ALL RELIEF TO WHICH PLAINTIFF IS ENTITLED TO .

## DECLARATION

I, Courtney Anthony Bailey, the Complainant/Plaintiff, being of majority age and competent to testify, do declare that the truths and facts in Plaintiff's Civil Complaint are of Plaintiff's best first hand knowledge, true, correct, certain, complete, and not misleading.

RESPECTFULLY SUBMITTED ON THIS 22ND DAY OF JANUARY 2008

*Courtney Bailey*
COURTNEY ANTHONY BAILEY #27976-016
L.S.C.I., Allenwood
P.O. Box 1000
White Deer, Pennsylvania
17887

9

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

F
08-283
CKK

## I (a) PLAINTIFFS

Courtney Arthony Bailey

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
#27916-016

## DEFENDANTS

George Walsh, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT INVOLVED

Case: 1:08-cv-00283
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 2/20/2008
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

|  ☐ G. *Habeas Corpus/ 2255* <br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan* <br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court* <br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** 0    Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 2/20/08    SIGNATURE OF ATTORNEY OF RECORD MCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

EXHIBIT "A"

L-3   2 of 2

# Superior Court of the District of Columbia

## SPECIAL PROCEEDINGS SECTION

SP 398 '05 CO                                                                 SP 398 '05 CO

UNITED STATES
VS
Lockup Nbr: Courtney Bailey
PDID: 474-919    DOB: 8-13-78    CCR:

A TRUE COPY
TEST: 5-25-0_
Clerk Superior Court of the
District of Columbia
By: _____
Deputy Clerk

Cresta Savage 459 058

| DATE | COURT CLERK'S MEMORANDUM | JUDGE |
|---|---|---|
| FEB 17 2005 | AFFIDAVIT AND COMPLAINT FILED. FUGITIVE FROM THE STATE OF ~~MD~~ CHARGING THE DEFENDANT WITH RECEIVED AND FILED. JACKET FORWARDED TO COURTROOM C-10. | |
| 2/17/05 | Extradition _____ so Demand _____ Filed herein | |
| | per J. Melendez CJA certified | Melend |
| 2/18/05 | Per Detective Noma Ronan a detainer is filed due to local charges AUSA Rich Basile notified. Jacket forwarded to C-10 to disposition | Esq SP Blanc |



Exhibit
Exhibi
Exhibit
Exhibit

2005 FUG 000398    In The Matter Of: BAILEY, COURTNEY A

Search Criteria
Docket Entry
Images          All Dockets                        Begin Date              SortDescending
Participant                                        End Date
Display OptionExclude Non Display Dockets

Search Results

| Docket Date | Reference | Description | Amt Owed/ Amt Dism/Credit | Amount Due |
|---|---|---|---|---|
| 2/19/2005 | | COURTROOM C10. CASE NOLLED. J. ALPRIN/IC | | |
| 2/18/2005 | | PER DETECTIVE NORMA ROMAN, FUGITIVE SQUAD, A DETAINER IS FILED DUE TO LOCAL CHARGES. AUSA BASILE NOTIFIED. JACKET FORWARDED TO C-10 FOR DISPOSITION. EBC/SP | | |
| 2/17/2005 | | EXTRADITION HEARING WAIVED. DEFENDANT ORDERED TO DEMANDING STATE. ORDER FILED HEREIN. PER JUDGE MELENDEZ CJA CERTIFIED. EBC/SP BRANCH | | |
| 2/17/2005 | | AFFIDAVIT AND COMPLAINT FILED. FUGITIVE FROM THE STATE OF MARYLAND CHARGING THEDEFENDANT WITH FTA RECEIVED AND FILED. JACKET FORWARDED TO COURTROOM C-10. EBC/SP BRANCH | | |

Movant was commited to the Attorney General"s custody, while case No. sp-398-05 was still pending in the Superior Court, and taking out of the Superior Court's custody unlawfully and unreasonably on Febryary 18, 2005.

Exhibit 3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

STATE OF ......MARYLAND......

vs

BAILEY, COURTNEY

PDID NO. ......474919......

SP NO. ......3......

RECEIVED

## ORDER FOR RETURN OF FUGITIVE UPON WAIVER

BAILEY, COURTNEY ......, having appeared with Counsel in open Court on ......FEBRUARY 17, 2005...... and having waived further proceedings pursuant to law and indicated his desire to return voluntarily to the State of ......MARYLAND......, is hereby

ORDERED detained at the District of Columbia Jail pending return to the State of ......MARYLAND...... in the custody of the proper officials of that state; and it is

FURTHER ORDERED that if ......BAILEY, COURTNEY...... has not been surrendered to the custody of a proper official of the State of ......MARYLAND...... by ......FEBRUARY 23, 2005...... (3 days, not including Saturday, Sunday or holidays), he shall be returned FORTHWITH to this Court for such further proceedings as the Court shall deem appropriate.

......2/17/05......
DATE

......Ada L. Melinda......
JUDGE

## RETURN

OFFICIAL: ......
NAME

......
ADDRESS

......
TITLE

WHITE—COURT COPY
YELLOW—DEFENDANT'S COPY
PINK—JAIL COPY
GOLDENROD—COPY TO BE RETURNED TO COURT AFTER EXECUTED

Form CD-494/Nov. 57

United States Marshals Service
LIMITED OFFICIAL USE
Central Locator Report for BAILEY, COURTNEY (USMS 27976016)



Exhibit



2/18/2005



2/18/2005

## Prisoner Information

USMS Number : 27976016
District : d016
First Name : COURTNEY
Middle Name : ANTHONY
Last Name : BAILEY
SSN : ▉▉▉▉▉▉▉
FBI# :
Alien :
Citizen Code : US
Last Updated : 03/25/2007

City : KINGSTON
State : JAPAN
Sex : Male
Race : Black
Eyes : BROWN
Hair : BLACK
Height : 5'6"
Weight : 160
Date of Birth : ▉▉▉▉▉

## Facility Information

| Facility Code | Admit Date | Release Date |
|---|---|---|
| 3JY | 02/18/2005 | 02/23/2005 |



LIMITED OFFICAL USE
UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF DISTRICT OF COLUMBIA
DISTRICT: 16 OFFICE: DC
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: BAILEY, COURTNEY ANTHONY
USMS NUMBER: 27976016

Exhibit

## I. IDENTIFICATION DATA

USMS NUMBER: 27976016
NAME: BAILEY, COURTNEY ANTHONY
ADDRESS: 2400 QUEENS CHAPEL RD #621 HYATTSVILL, MD
PHONE:
DOB: 08/13/1978   AGE: 28   POB: KINGSTON, JA
SEX: M   RACE: B   HAIR: BLK   EYE: BRO   HEIGHT: 506   WEIGHT: 160
SSN:    FBI NBR:    ALIEN NBR:

| OTHER NUMBER TYPE | OTHER NUMBER VALUE |
|---|---|
| DC | 278637 |

| DETAINER DATE | ACTIVE | AGENCY | REMARK |
|---|---|---|---|
| **/**/**** | N | | |

| PRISONER ALIAS | ALIAS REMARK |
|---|---|
| NONE | |

## II. CASE INFORMATION

| CTR | STATUS | COURT CASE NUMBER | FEDERAL COURT CITY | JUDGE | US ATTORNEY | DEFENSE ATTORNEY |
|---|---|---|---|---|---|---|
| 1 | RL-WOR | 27976016-1 | WASHINGTON | | | |

| CTR | ARREST DATE | ARRESTING AGENCY | ARREST LOCATION | WARRANT NUMBER |
|---|---|---|---|---|
| 1 | 02/18/2005 | LOCAL LAW ENFORCEMENT | SOUTHERN AVE, SE | |

| CTR | OFFENSE CODE | OFFENSE | REMARK | DISPOSITION |
|---|---|---|---|---|
| 1 | 3530 | COCAINE - SELL | | UNKNOWN |

## III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|---|---|---|---|---|---|
| 1 | WT-TRIAL | 02/18/2005 | 02/18/2005 | **/**/**** | |
| 1 | WT-MOVE | 02/22/2005 | **/**/**** | **/**/**** | WARRANT OF REMOVAL TO USMS/GREENBELT |
| 1 | RL-WOR | 02/23/2005 | **/**/**** | 02/23/2005 | |

## IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| CEL | CELL BLOCK | 02/18/2005 | 02/18/2005 | 0 | |
| 3JY | D.C. JAIL | 02/18/2005 | 02/23/2005 | 5 | |



LIMITED OFFICAL USE
UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF DISTRICT OF COLUMBIA
DISTRICT: 16 OFFICE: DC
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: BAILEY, COURTNEY ANTHONY
USMS NUMBER: 27976016

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| | | | TOTAL DAYS BOARDED | 5 | |

V. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|
| **/**/**** | | |

EXHIBIT/ATTACHMENT "B"
COMMITMENT TO BUREAU OF PRISONS

TYPE OF COMMITMENT:
  X   Pretrial
  ___ Convicted (Pending Sentence)
  ___ Convicted (Sentenced)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

the _____ day of February, 20 05

UNITED STATES OF AMERICA

vs

CRIMINAL NO. _____
THIS NUMBER REPLACES _____
OFFENSE(S) _____

_____
(Name of Defendant)

_____ _____
(DOB, PDID, DCDC Numbers)

Reg # 27976-016

CODE VIOLATION: 21:841

TO:   Attorney General of the U.S.
      Director, Bureau of Prisons

The Court has ordered that the above named defendant be committed to the Bureau of Prisons; therefore receive into your custody the body of said defendant and safely keep in your custody until further order, and this shall be your sufficient warrant.

By the Court: _Mag. Judge Alan Kay_

NANCY MAYER-WHITTINGTON, CLERK

By _____
   Deputy Clerk      (Seal)

Defendant's Court Return Date: _____ Status _____ Sentence _____
                                            Motion _____ Trial _____

SENTENCE IMPOSED BY THE COURT:

_____ Months incarceration; Supervised Release of _____ years to follow.
Total Special Assessment $_____           Total Fine $_____
Medical Treatment: _____
Court Recommends Incarceration at: _____
BOND SET/REDUCED: _____
OTHER: _____

AO 94 (Rev. 8/85) Commitment to Another District

# United States District Court

FILED
FEB 1 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit

for _____ DISTRICT OF _Columbia_

| UNITED STATES OF AMERICA | COMMITMENT TO ANOTHER |
|---|---|
| V. | DISTRICT |

Courtney Anthony Bailey     CASE NUMBER: 05-0867M-01

Exhibit
Exhibit
Exhibit

The defendant is charged with a violation of __21__ U.S.C. __841__ alleged to have been committed in the _____ District of _Maryland, Greenbelt_

Brief Description of Charge(s):

C.S.A.

United States District Court
for the District of Columbia
A TRUE COPY

NANCY MAYER-WHITTINGTON, Clerk

By _Kimberly Ray_
Deputy Clerk

The defendant has been unable to obtain release under the Bail Reform Act of 1984, 18 U.S.C. §§3141-3143.

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant, all proceedings required by Fed. R. Crim. P. 40 having been completed.

_February 18, 2005_
Date

_[signature]_
Judicial Officer

RETURN

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| 2/23/05 | Greenbelt | 2/23/05 |
| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
| 2/23/05 | George Walsh | _[signature]_ |

Forthwith



JAIL

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## CRIMINAL DIVISION

Exhibit

UNITED STATES
DISTRICT OF COLUMBIA

Case No. **SP398-05**

vs.

PDID/DCDC No. **474-919**

**Courtney Bailey**

### RELEASE ORDER

TO: ☒ Superintendent, D.C. Jail

☐ Superintendent, St. Elizabeths Hospital

☐ Other _____

Disposition having been entered this **19** day of **February**, 20**05**

in the above-entitled case, it is HEREBY ORDERED that the defendant be

☐ Transferred to _____

☒ Released from custody. **THIS CASE ONLY**

☐ Released into the custody of _____

_____
DEPUTY CLERK

_____
JUDGE/COMMISSIONER

Date **2-19-05**

Form CD-1053/Apr 00