UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COURTNEY ANTHONY BAILEY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 08 0283
)
GEORGE WALSH, et al., )
)
    Defendants. )

## ORDER

This matter is before the Court on initial consideration of plaintiff's *pro se* complaint. For the reasons stated below, his claim under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671 *et seq.*, will be dismissed. *See* 28 U.S.C. § 1915A (authorizing dismissal, before docketing, of complaint or portion thereof if it fails to state a claim upon which relief can be granted).

The FTCA provides that the "United States shall be liable (for tort claims) in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). The Act requires that a claimant present his claim to the appropriate federal agency prior to filing a civil action in a federal district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) (requiring claimant to present claim "for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . to the appropriate Federal agency" from which written notice of the denial of the claim has been forwarded to the claimant before suit may

be filed). The FTCA bars a plaintiff from bringing a civil action in district court before he has exhausted his administrative remedies. *See McNeil*, 508 U.S. at 113. A plaintiff exhausts after he presents his claim to the appropriate federal agency and the agency denies the claim in writing. *See* 28 U.S.C. § 2675(a). If an agency fails to make a final disposition within six months after the filing of the claim, the plaintiff may file suit thereafter. *See id.*

Plaintiff sent a Notice of Civil Claim to the United States Marshals Service on January 14, 2008, Compl. at 2, and the Clerk of Court received plaintiff's complaint on January 28, 2008. The time within which the USMS may act on plaintiff's FTCA claim has not yet expired. It is premature, then, to bring this FTCA claim in court. This defect cannot be cured by amendment of the complaint at a later date. "Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); *see Schneider v. Kissinger*, 310 F. Supp. 2d 251, 269-70 (D.D.C. 2004) (FTCA claim of plaintiffs who submitted administrative claim before filing suit was not allowed to proceed upon filing of amended complaint adding FTCA claim after formal denial of administrative claim).

There is a second defect with respect to plaintiff's FTCA claim. The FTCA does not waive the United States' sovereign immunity for constitutional torts that

may have been committed by its employees. *See* 28 U.S.C. § 2679(b)(1), (2); *Meyer v. Fed. Bureau of Prisons*, 929 F. Supp. 10, 13 (D.D.C. 1996); *Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1316-17 (D.D.C. 1985). To the extent that plaintiff demands relief under the FTCA for defendants' violations of his rights under the Fourth and Fifth Amendments to the United States Constitution, these claims must be dismissed. "(T)he United States simply has not rendered itself liable under (the FTCA) for constitutional tort claims." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994); *see Zakiya v. United States*, 267 F. Supp. 2d 47, 56 (D.D.C. 2003) (dismissing prisoner's claims of alleged deprivation of constitutional rights). Nor does the FTCA authorize relief for a claim of false arrest and false imprisonment. The FTCA does not apply to a claim arising out of false imprisonment or false arrest. 28 U.S.C. § 2680(h).

Accordingly, it is hereby

ORDERED that plaintiff's Federal Tort Claims Act claims are DISMISSED. It is further

ORDERED that the Clerk of Court shall cause a copy of this Order to be served on defendants with a copy of the summons and complaint.

SO ORDERED.

_____
United States District Judge

Date: 2/8/08