UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY ANTHONY BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-283 (CKK) |
| ) | |
| UNITED STATES MARSHALS ) | |
| SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT UNITED STATES MARSHALS SERVICE'S
MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the United States Marshals Service requests that the Court stay discovery in this matter until it rules on the Defendants' anticipated motion to dismiss. Good cause exists for the Court to grant this relief, as the Marshals Service sets forth in the attached memorandum in support.

A proposed order is attached.

Respectfully submitted,

_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
April 21, 2008          harry.roback@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2008, I caused a copy of defendant's motion for protective order to be served on plaintiff by mailing it to the following address:

Courtney Bailey
R# 27976-016
Allentown FPC
P.O. Box 1000
White Deer, PA 17887

       /s/ Harry B. Roback
      Harry B. Roback

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY ANTHONY BAILEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-283 (CKK) |
| UNITED STATES MARSHALS SERVICE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES
MARSHALS SERVICE'S MOTION FOR PROTECTIVE ORDER**

Courtney Bailey, a prisoner who is proceeding *pro se*, alleges that the United States Marshals Service unlawfully transported him from the "District of Columbia jail" to the United States District Court of Maryland. (Compl. at 1-4.) He acknowledges that the Marshals Service transported him to Maryland pursuant to an order by Magistrate Judge Kay, but he contends that Judge Kay's order was unlawful. (*Id.*) Bailey asserts constitutional claims against the Marshals Service, Deputy Marshal George Walsh, and several "unknown" Deputy Marshals. (*Id.*)

The Marshals Service has until May 6, 2008 to respond to the Complaint.[1] At that time, the Marshals Service intends to file a motion to dismiss. On March 17, 2008, however, Bailey served interrogatories on the Marshals Service. The deadline for the Marshals Service to respond to these interrogatories is prior to the deadline for it to respond to the Complaint. The Marshals Service respectfully asks this Court to enter a protective order staying discovery until after it rules on the motion to dismiss that, if granted, will obviate the need for any discovery.

---

[1] Deputy Marshal George Walsh has not been properly served with a copy of the Complaint. Therefore, he does not currently have a deadline to answer the Complaint.

**ARGUMENT**

Good cause exists for the Court to enter a protective order in this case. *See* Fed. Rule Civ. Pro. 26(c). This Court has broad authority to regulate discovery and it "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). It is particularly appropriate for the Court to stay discovery pending the outcome of a dispositive motion. *See Brennan v. Local Union No. 639*, 494 F.2d 1092, 1100 (D.C. Cir. 1974). Indeed, when "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions." *Capital Engineering Mfg. Co. v. Weinberger*, 1988 WL 13272, *1 (D.D.C. Feb. 5, 1988) (*quoting O'Brien v. Avco Corp.*, 309 F.Supp. 703, 705 (S.D.N.Y. 1969)).

Moreover, the Federal Rules of Civil Procedure generally do not permit discovery before the defendants have had the opportunity to respond to the complaint. *See, e.g.*, *Wada v. United States Secret Service*, 525 F. Supp.2d 1, 10-11 (D.D.C. 2007) (concluding that "plaintiff's efforts to pursue written discovery . . . are premature") *Arias v. Dyncorp*, 517 F. Supp.2d 221, 230 (D.D.C. 2007) (same). This rule helps ensure that the litigation proceeds in an efficient manner.[2]

Defendants should not be required to respond to plaintiff's discovery requests until after the Court rules on its planned motion to dismiss. There appear to be several legal impediments to Bailey's claims against the defendants who carried out Magistrate Judge Kay's order to transfer Bailey from the District of Columbia to Maryland. These defendants – having simply

---

[2] Rule 26(d)(1) explicitly prohibits a party from seeking discovery before a Rule 26(f) conference occurs. Although this case is exempt from Rule 26(d)(1) – because Woolridge is a *pro se* prisoner – there is nothing in the rules that suggests he should be given preferential treatment by being able to serve interrogatories before the defendants respond to the Complaint.

complied with an order of this Court – should not have to engage in the discovery process prior to a ruling by this Court on their planned motion to dismiss.

Moreover, Bailey will not be prejudiced by staying discovery. Indeed, there is no reason for Bailey to be burdened with discovery at this time since he is going to have to respond to Defendant's motion. At this juncture, the most efficient use of Bailey's time and resources is responding to Defendant's motion to dismiss, and not pursuing discovery.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and stay discovery until it rules on the anticipated motion to dismiss.

Respectfully submitted,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
April 21, 2008                    harry.roback@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY ANTHONY BAILEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES MARSHALS )<br>SERVICE, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 08-283 (CKK) |

**PROPOSED ORDER**

Upon consideration of Defendant United States Marshals Service's Motion for Protective Order, it is hereby

ORDERED that the Motion for Protective Order is GRANTED.

IT IS FURTHER ORDERED that discovery in this case is stayed pending further order of the Court.

SO ORDERED.


Date: _____                           _____
                                            United States District Judge