UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

APR 3 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COURTNEY ANTHONY BAILEY,
    Plaintiff,

v.

UNITED STATES MARSHALS
SERVICE, et al.,

Civil Action No.
08-283 (CKK)

### PLAINTIFF'S MOTION OPPOSING DEFENDANT UNITED STATES MARSHALS SERVICE'S MOTION FOR PROTECTIVE ORDER

    AND NOW COMES, Courtney Anthony Bailey, a natural person, on his own behalf, unassisted by counsel, and Plaintiff hereinafter, moves this Honorable Court to deny Defendant's motion for protective order as follows:

    Rule 26 (c) of the Federal Rules of Civil Procedure (Protective Orders state:

    Upon motion by a party or by person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to depositions the court in the District where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

    Defendant, United States Marshals Service has failed to meet the requirements of Rule 26 (c) of the Federal Rules of Civil Procedure.

1

In other words, the Defendant (U.S. Marshals Service), must in good faith consult, or attempt to consult with the affected party without court action before requesting for a protective order from the court, and accompany the motion with a certification showing the consultation with the affected party.

Defendant (U.S. Marshals Service) have failed to meet the requirements of Rule 26 (c) of the Federal Rules of Civil Procedure (Rule 26 (c) hereinafter) for the court to issue a protective order, by not making a good faith effort to consult with Plaintiff.

The Defendant (U.S. Marshals Service) could have at least written Plaintiff in regards to this matter, or scheduled a telephone conference with Plaintiff, due to Plaintiff's incarceration.

The Defendant (U.S. Marshals Service) is now coming to the court in bad faith attempting to get a protective order from this Honorable Court to avoid interrogatories.

The first element of Rule 26 (c) has not been satisfied, which leaves the Defendant's motion deficient and inconsistent to the rules governing protective orders (rule 26 (c).

Rule 26 (c) is not ambiguous, and clearly states that the moving party must accompany a certification showing that the moving party has acted in good faith to consult or attempt to consult with the affected party.

As of todays date, April 24, 2008, the Defendant have not consulted, or attempted to consult with Plaintiff regarding interrogatories, and also have failed to provide the court with certification that the Defendant attempted to consult with Plaintiff.

The Defendant is now coming to the court initially in regards to this matter, so that the court can issue a protective order pursuant to rule 26 (c) without consulting with Plaintiff.

2

The Defendant is attempting to circumvent the rules governing interrogatories (Rule 33 of the Federal Rules of Cicil Procedure), of which the court should not allow.

Since the 1970 Amendment eliminating the ten day period provision, interrogatories may be submitted any time after filing of the complaint, failure to answer interrogatories or make objection to questions set forth within the thirty-five day period is a waiver by Defendant of any objections they might have had. Davis v. Romney (1971, DC Pa) 53 FRD 247, 15 FR Serv 2d 738.

Plaintiff filed interrogatories on March 17, 2008, which falls well within the provisions of Rule 33 of the Federal Rules of Civil Procedure.

Moreover, the Defendant have waived any objections by failing to answer or object to any questions they might have had.

The Defendant claim that Plaintiff's interrogatories are "premature". How can Plaintiff's interrogatories be "premature" when interrogatories can be presented to Defendant at anytime after service of summons and complaint?

In the case relied upon by Defendant to support its argument, Wada v. United States Secret Service, 525 F. Supp 2d 1, 10-11 (2007), of which was ruled upon by this Honorable Court, this court noted that "discovery" was "premature' prior to the court entering a scheduling conference, not interrogatories. The Defendant has clearly misinterpreted this case, by making an inference to interrogatories. This court was clearly stating that depositions was premature, not interrogatories, eventhough interrogatories is a form of discovery.

The form of discovery which the Defendant is relying on is the discovery which a conference needs to be held and the parties

3

agree to engage in the discovery process, see Arias v. Dyncorp 517 F.Supp.2d 230.

The rules governing interrogatories does not say that the parties must agree before a party can serve interrogatories on the other party, and there is no need for rule 26 (f) discovery conference before Plaintiff can submit interrogatories.

The argument by Defendant is inconsistent to rule 33 of the Federal Rules of Civil Procedure and must fail.

The Defendant is requesting the court to issue a protective order, and hold in abeyance Plaintiff's interrogatories filed well within the provisions of Rule 33 of the Federal Rules of Civil Procedure.

This is nothing but a strategic approach by Defendant, which is not in the best interest of justice. The Defendant is attempting to withhold interrogatories, in the attempt to file for a motion to dismiss, because there might be pertinent information in the interrogatories that would overcome a motion to dismiss.

The Defendant is using rule 26 which govern depositions and rule 26 (c) which governs protective orders, to circumvent Rule 33 of the Federal Rules of Civil Procedure, which governs interrogatories to avoid supplying Plaintiff with the names of the unknown named agents of the U.S. Marshals Service.

The unknown named agents working for the U.S. Marshals Service on February 18, 2005, are the agents who removed Plaintiff from the District of Columbia Jail in the middle of an ongoing extradition process between the Superior Court and the State of Maryland.

These names needs to be provided to Plaintiff because these unknown named agents removed Plaintiff from the D.C. Jail without

without sufficient process or legal authority on February 18, 2005, which constitutes "false arrest" and a Fourth Amendment violation (unreasonable seizure). These unknown named agents also caused Plaintiff to be held without bond in the U.S.D.C. for the District of Columbia after the U.S. Marshals lacked the authority to remove Plaintiff from the D.C. Jail, due to the fact that Plaintiff was COURT ORDERED to the State of Maryland on February 17, 2005, and remanded to D.C. Jail to await the "proper officials" of Maryland, not to await on the U.S. Marshals.

This action caused the unlawful detention and "false imprisonment" of Plaintiff on a void commitment order entered on February 18, 2005 by Magistrate Alan Kay, which deprived Plaintiff of due process of the law, before a deprivation of liberty in violation of the Fifth Amendment.

All the elements for "false arrest" and "false imprisonment" are there leaving no genuine issue of material fact, which would overcome a motion to dismiss.

Last but no least, who is the Defendant to say what is efficient use of Plaintiff's time. Plaintiff would rather be spending his time efficiently taking care of his five year old son, but due to the arbitrary and unconstitutional actions by the U.S. Marshals, Plaintiff is serving a void sentence with nothing but time on his hands. The Defendant has no right to address the court of how Plaintiff should be spending his time.

It seems as though Defendant should have made efficient use of their time by reading the rules governing protective order and further attempted to consult with Plaintiff in regards to interrogatories, or timely made objections to Plaintiff's interrogatories, instead of wasting the court's time with a deficient motion for a pro-

tective order pursuant to rule 26 (c), which is not accompanied by a certification.

## CONCLUSION

For the foregoing reasons, Plaintiff respecfully request and prays that this court denies Defendant motion for protective order, and order Defendant to comply with Rule 33 of the Federal Rules of Civil Procedure by supplying Plaintiff with the names of the unknown named U.S. Marshals Service agents working for the U.S. District Court for the District of Columbia on February 18, 2005, of whom caused the "false arrest" and "false imprisonment" of Plaintiff in violation of the Fourth and Fifth Amendments of the U.S. Constitution.

Respectfully,

*Courtney Bailey*

Courtney Anthony Bailey #27976-016
L.S.C.I., Allenwood
P.O. Box 1000
White Deer, Pennsylvania
17887
6

CERTIFICATE OF SERVICE

I hereby that on this 25th day of April, I caused a copy of Plaintiff's motion opposing Defendant United States Marshals Service motion for protective order to be served on counsel for the defendant by mailing it first class mail, postage prepaid to the following address:

Harry B. Roback
Assistant U.S. Attorney
Civil Division
501 Third Street, N.W.
Washington D.C.
20530

Respectfully submitted,

*Courtney Bailey*
Courtney Anthony Bailey #27976-016
L.S.C.I., Allenwood
P.O. Box 1000
White Deer, Pennsylvania
17887