UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| COURTNEY ANTHONY BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-283 (CKK) |
| | ) | |
| UNITED STATES MARSHALS SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6), the United States Marshals Service and Marshal George Walsh request that the Court dismiss the Complaint in this case. The reasons for granting this motion are set forth in the accompanying memorandum in support.

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov

May 12, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2008, I caused a copy of defendants' motion to dismiss to be served on plaintiff by mailing it to the following address:

Courtney Bailey
R# 27976-016
Allentown FPC
P.O. Box 1000
White Deer, PA 17887

        /s/ Harry B. Roback
        Harry B. Roback

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY ANTHONY BAILEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES MARSHALS ) <br> SERVICE, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 08-283 (CKK) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Courtney Bailey, a prisoner who is proceeding *pro se*, alleges that the United States Marshals Service unlawfully transported him from the District of Columbia jail to the United States District Court for the District of Maryland. He acknowledges that the Marshals Service transported him to Maryland pursuant to an order by Magistrate Judge Kay, but he contends that Magistrate Judge Kay's order was unlawful. Bailey asserts constitutional claims against the Marshals Service, United States Marshal George Walsh, and several "unknown" Deputy Marshals.

The Court should dismiss Bailey's Complaint for four reasons. First, the United States has not waived its sovereign immunity for damages claims based on alleged constitutional violations. Therefore, this Court lacks subject matter jurisdiction over Bailey's claims against the Marshals Service. Second, Marshal Walsh is entitled to absolute quasi-judicial immunity for (allegedly) transporting Bailey to Maryland. Magistrate Judge Kay issued a facially valid order that required the Marshals Service to take this action. Marshal Walsh did not violate Bailey's constitutional rights by complying with Magistrate Judge Kay's order. Third, even if Marshal Walsh is not entitled to absolute immunity, he is entitled to qualified immunity because he did

not violate a clearly established right held by Bailey.  Transporting a prisoner pursuant to a court order does not violate that prisoner's constitutional rights.  Fourth, Bailey has failed to serve Marshal Walsh with a copy of the Complaint.  The Court, therefore, lacks jurisdiction over Marshal Walsh at this time.

## BACKGROUND

Bailey alleges that, on February 16, 2005, he was arrested in the District of Columbia for possession of marijuana.  (Compl. at 3.)  On February 17, 2005, Bailey alleges that this charge, which was brought against him in the Superior Court for the District of Columbia, was dropped.  (*Id.*)  However, an officer for the District of Columbia notified the Superior Court that there were additional charges pending against Bailey in Maryland.  (Dkt. 1-3 at 2.)[1]  Bailey consented to extradition to Maryland.  (Compl. at 3.)  The Superior Court accordingly issued an order that Bailey be "detained at the District of Columbia Jail pending return to the State of Maryland in the custody of the proper officials of that State."  (Dkt. 1-3 at 3.)

At the same time, Bailey had been charged with a federal crime in the United States District Court for the District of Maryland.  (Dkt. 1-3 at 7, 8.)  That court issued an arrest warrant for Bailey, which the Marshals Service executed on February 18, 2005.  (Def.'s Ex. 1.)  Pursuant to Federal Rules of Criminal Procedure 5 and 40, Bailey was brought before Magistrate Judge Kay of the United States District Court for the District of Columbia.  (Dkt. 1-3 at 8.)  On February 18, 2005, Magistrate Judge Kay issued an order that stated:

The defendant is charged with a violation of 21 U.S.C. § 841 alleged to have been

---

[1] The identifying letters on the exhibits attached to the Complaint are not legible on Defendant's copy or the version on Pacer.  Therefore, Defendant will cite to the page number of Docket 1-3 when referring to an exhibit attached to the Complaint.

> committed in the District of Maryland, Greenbelt. . . . To: The United States
> Marshal – You are hereby commanded to take custody of the above named
> defendant and to transport that defendant with a certified copy of this
> commitment forthwith to the district of offense as specified above and there
> deliver the defendant to the United States Marshal for that District or to some
> other officer authorized to receive the defendant, all proceedings required by Fed.
> R. Crim. P. 40 having been completed.

(*Id.*)  On February 23, 2005, the Marshals Service complied with Magistrate Judge Kay's order and transported Bailey from the District of Columbia to Maryland.  (Compl. at 5.)

Bailey filed this lawsuit on February 20, 2008, alleging that the Marshals Service, Marshal Walsh,[2] and "unknown" Deputy Marshals violated his Fourth and Fifth Amendment rights by transporting him to Maryland.  (Compl. at 4-7.)  Bailey contends that the defendants' conduct constituted false arrest, false imprisonment, and kidnaping.  (*Id.*)

On February 20, 2008, the Court dismissed any claims that Bailey was asserting under the Federal Tort Claims Act ("FTCA").  (Dkt. 5.)  On February 27, 2008, Bailey filed a motion for reconsideration.  (Dkt. 8.)  However, in his motion, Bailey does not assert that the Court erred in dismissing his claims under the FTCA.  (*Id.* at 1.)  Rather, he contends that he never brought claims under the FTCA.  (*Id.*)  Specifically, he wrote that: "There is nothing in Plaintiff's civil Complaint that mentions the Federal Tort Claims Act[;] . . . neither is Plaintiff attempting to invoke the Court's jurisdiction pursuant to the Federal Tort Claims Act."  (*Id.*)  He further stated that "Plaintiff's Civil Complaint is a Bivens Action brought pursuant to . . . the

---

[2] Bailey has sued Marshal Walsh in his personal capacity.  In order to assert a *Bivens* claim against Marshal Walsh, Bailey must allege personal involvement by him.  *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).  Bailey alleges that Marshal Walsh personally transported him to Maryland.  But as the United States Marshal for the District of Columbia, Walsh does not personally transport prisoners.  However, to the extent that this is a motion to dismiss, defendants will assume the truth of this allegation.

3

Fourth and Fifth Amendment[s] of the United States Constitution, and should not be construed as a "Federal Tort Claims Act." (*Id.* at 2.) Accordingly, the Marshals Service and Marshal Walsh address his constitutional claims below.[3]

## LEGAL STANDARD

This Court may dismiss Bailey's Complaint pursuant to Rule 12(b)(1) if he has failed to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support Bailey's claims for relief. In ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider "any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). Thus, the Court may consider the exhibits attached to Bailey's Complaint and the judicial docket report attached to this motion.

Under Rules 12(b)(1) and (5), this Court may dismiss Bailey's Complaint based on lack of subject matter jurisdiction, and based on his failure to serve Marshal Walsh with a copy of the Complaint. *See* Fed. R. Civ. Pro. 12(b)(1), (5).

---

[3] The Court correctly dismissed any FTCA claims that Bailey was asserting. (Dkt. 5.) One additional reason why any claims by Bailey under the FTCA fail is that he did not timely exhaust his administrative remedies. Under 28 U.S.C. § 2401(b), Bailey was required to present the claims in writing to the Marshals Service within two years of when they accrued. Here, that means Bailey had to present his claims to the Marshals Service by February 23, 2007. However, Bailey admits in his Complaint that he did not notify the Marshals Service of his claims until January 14, 2008. (Compl. at 2.)

**ARGUMENT**

**I.    SOVEREIGN IMMUNITY BARS BAILEY'S CLAIMS AGAINST THE UNITED STATES MARSHALS SERVICE**

In the Complaint, Bailey alleges that the Marshals Service violated his Fourth and Fifth Amendment rights. (Compl. at 4-5, 7.) He seeks $5,000,000 in "nominal damages;" $50,000,000 in "compensatory damages;" and $50,000,000 in "punitive damages." (Compl. at 8.) Bailey does not seek injunctive relief. (*Id.*)

Bailey's claims for nominal, compensatory, and punitive damages fail because the United States has not waived its sovereign immunity for that relief. "Sovereign immunity bars all suits against the United States, its agencies, and federal employees in their official capacities, except where there has been a statutory waiver of immunity." *Fletcher v. District of Columbia*, 481 F. Supp.2d 156, 160-61 (D.D.C. 2007). The waiver of sovereign immunity for a particular remedy must be "unambiguous." *Id.* The United States has not waived its sovereign immunity for damages based on alleged constitutional violations. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994) (holding that there is no "damages action directly against federal agencies"); *Taylor v. FDIC*, 132 F.3d 753, 768 (D.C. Cir. 1997) (holding that "no cause of action for damages for constitutional violations . . . is to be implied against government agencies."); *Komongnan v. United States Marshals Serv.*, 471 F. Supp.2d 1, 4 (D.D.C. 2006) (same). Therefore, the Court should dismiss Bailey's constitutional claims in this case against the Marshals Service and Marshal Walsh in his official capacity pursuant to Rule 12(b)(1).[4]

---

[4] The Marshals Service also notes that this Court lacks jurisdiction over it because Bailey has not served it with a copy of the Complaint. Pursuant to Federal Rule of Civil Procedure 4(i)(2), Bailey is required to serve a copy of the Complaint on the Marshals Service. Although Bailey served the Attorney General of the United States and the United States Attorney

## II.   MARSHAL WALSH IS ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY

"[L]aw enforcement officials executing a facially valid court order are protected by absolute quasi-judicial immunity." *Roland v. Phillips*, 19 F.3d 552, 555-56 (11th Cir. 1994). "Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel. A lesser degree of immunity could impair the judicial process." *Valdez v. Denver*, 878 F.2d 1285, 1288-90 (10th Cir. 1989).

In this case, Magistrate Judge Kay issued a facially valid order requiring the Marshals Service to transport Bailey from the District of Columbia to the United States District Court for the District of Maryland. (Dkt. 1-3 at 8.) Marshal Walsh, who allegedly transported Bailey to Maryland, is entitled to absolute quasi-judicial immunity for enforcing Magistrate Judge Kay's order. *Roland*, 19 F.3d at 555-56; *Valdez*, 878 F.2d at 1288-90.

Moreover, this Court already determined that Magistrate Judge Kay is entitled to absolute immunity based on his order to transport Bailey from the District of Columbia to Maryland. *See Bailey v. Kay*, Civil A. No. 08-369, Memorandum Opinion dated Feb. 29, 2008 (D.D.C. 2008). It would be incongruent for this Court not to hold that Marshal Walsh is similarly entitled to absolute immunity. *See Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994) ("It does not seem logical to grant immunity to a judge in making a judicial determination and then hold the official enforcing or relying on that determination liable for failing to question the judge's findings. This would result in the official second-guessing the judge who is primarily responsible for

---

for the District of Columbia with a copy of the Complaint, *see* Dkts. 9, 10, he has not served the Marshals Service with a copy of the Complaint.

interpreting and applying the law.")

### III.     MARSHAL WALSH IS ENTITLED TO QUALIFIED IMMUNITY

"Government officials performing discretionary functions generally are shielded from liability for civil damages" if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Marshal Walsh is thus entitled to qualified immunity unless Bailey can show that (1) he violated a constitutional right, and (2) the right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). This "qualified immunity" standard "protects all but the plainly incompetent or those who knowingly violate the law." *Komongnan*, 471 F. Supp.2d at 6.

Marshal Walsh did not violate Bailey's Fourth Amendment or Fifth Amendment rights by (allegedly) transporting him from the District of Columbia to the United States District Court for the District of Maryland. Bailey admits in the Complaint that his constitutional claims are predicated on the contention that the Marshals Service had no "legal authority" to transport him to Maryland. But Judge Kay's order plainly provided such authority. *Cf.* Fed. R. Crim. P. 5, 40.

Moreover, even if this Court determines that Marshal Walsh violated Bailey's constitutional rights, those rights were not clearly established in 2005. In determining whether a right is clearly established, this Court looks to "whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Fletcher*, 481 F. Supp.2d at 166. Even today, the Marshals Service reasonably believes that it is constitutionally permissible for it to enforce the orders of this Court. There was no basis in 2005 for Marshal Walsh (or any other member of the Marshals Service) to believe that enforcing Magistrate Judge

Kay's order to transport Bailey to Maryland was unlawful. Accordingly, Marshal Walsh is entitled to qualified immunity.

### IV. BAILEY HAS FAILED TO SERVE MARSHAL WALSH WITH A COPY OF THE COMPLAINT

This Court lacks jurisdiction over Marshal Walsh because Bailey has failed to serve him with a copy of the Complaint. A federal employee sued in his individual capacity must be served with process in accordance with Rule 4(e). *See* Fed. R. Civ. Pro. 4(i)(3); *see also Simpkins v. Dist. of Columbia Gov't.*, 108 F.3d 366, 369 (D.C. Cir. 1997). Rule 4(e) requires the plaintiff to deliver a copy of the complaint to the employee (or his appointed agent) personally or to leave a copy of the complaint "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. *See* Fed. R. Civ. Pro. 4(e). "The failure to effect individual service is fatal to a *Bivens* claim." *Paolone v. Mueller*, 2006 WL 236448, at *3 (D.D.C. Aug. 11, 2006) (further noting that the employee must be "personally served" for the "court to have jurisdiction over" him.). In this case, Bailey has not served Marshal Walsh with a copy of the Complaint personally or at home.[5]

Marshal Walsh's limited appearance herein in the form of this motion to dismiss does not constitute a waiver of proper service or a voluntary entry of appearance.

---

[5] The time period prescribed in Rule 4(m) for Bailey to serve Marshal Walsh with a copy of the complaint will expire on June 19, 2008.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and dismiss the complaint.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ |
|  | JEFFREY A. TAYLOR , D.C. Bar # 498610 |
|  | United States Attorney |
|  |  |
|  | /s/ |
|  | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
|  | Assistant United States Attorney |
|  |  |
|  | /s/ |
|  | HARRY B. ROBACK, D.C. Bar # 485145 |
|  | Assistant United States Attorney |
|  | United States Attorneys Office |
|  | 555 4th Street, N.W. |
|  | Washington, D.C. 20530 |
|  | Tel: 202-616-5309 |
| May 12, 2008 | harry.roback@usdoj.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY ANTHONY BAILEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES MARSHALS )<br>SERVICE, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 08-283 (CKK) |

**PROPOSED ORDER**

Upon consideration of Defendant United States Marshals Service's Motion to Dismiss, it is hereby

ORDERED that the Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that the Complaint in this matter is dismissed with prejudice.

SO ORDERED.


Date: _____                               _____
                                                United States District Judge

CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
### CRIMINAL DOCKET FOR CASE #: 1:05-mj-00086-AK All Defendants

Case title: USA v. BAILEY  
Other court case number: 03-3467 CBD, 03-3468 CBD USDC for the District of Maryland

Date Filed: 02/18/2005

Assigned to: Magistrate Judge Alan Kay

**Defendant (1)**  
**COURTNEY ANTHONY BAILEY**     represented by     **David Walker Bos**  
FEDERAL PUBLIC DEFENDER FOR D.C.  
625 Indiana Avenue, NW  
Suite 550  
Washington, DC 20004  
(202) 208-7500  
Fax: (202) 208-7515  
Email: david_bos@fd.org  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**  
None

**Disposition**

**Highest Offense Level (Opening)**  
None

**Terminated Counts**  
None

**Disposition**

**Highest Offense Level (Terminated)**  
None

**Complaints**

COMPLAINT filed in violation of 21:841(a)(1)

**Disposition**

**Plaintiff**

USA

| Date Filed | # | Docket Text |
|---|---|---|
| 02/18/2005 | 1 | MOTION to Seal Case by USA as to COURTNEY ANTHONY BAILEY. (zerd) (Entered: 02/18/2005) |
| 02/18/2005 | | ORDER granting 1 Motion to Seal Case as to COURTNEY ANTHONY BAILEY (1)Signed by Judge Charles B. Day on 10/7/03 (U.S. District Court for the District of Maryland). (zerd) (Entered: 02/18/2005) |
| 02/18/2005 | | Arrest (Rule 40) of COURTNEY ANTHONY BAILEY (zerd) (Entered: 02/18/2005) |
| 02/18/2005 | 2 | Arrest (Rule 40) Warrant Returned Executed on 2/18/05 as to COURTNEY ANTHONY BAILEY. Warrant issued by USDC for Maryland, in Prince George's Country. (zerd) (Entered: 02/18/2005) |
| 02/18/2005 | 3 | COMPLAINT as to COURTNEY ANTHONY BAILEY. (zerd) (Entered: 02/18/2005) |
| 02/18/2005 | | Minute Entry for proceedings held before Magistrate Judge Alan Kay :Removal Hearing as to COURTNEY ANTHONY BAILEY held on 2/18/05 - U.S. District Court of Maryland, Greenbelt Case Number 03-3467 CBD; waiver of rule 40 hearing; papers to be forwarded to Clerk-District of Maryland-Greenbelt; oral motion of government to unseal this hearing, heard and granted; commitment to another district (Greenbelt, MD) issued forthwith; defendant committed; commitment issued. Court Reporter Pro-Typists, Inc..) (jeb, ) (Entered: 05/13/2005) |
| 02/18/2005 | 5 | WAIVER of Rule 40 Hearings by COURTNEY ANTHONY BAILEY (jeb, ) (Entered: 05/13/2005) |
| 02/18/2005 | 6 | FORTHWITH COMMITMENT Issued as to COURTNEY ANTHONY BAILEY to U.S. District Court for Maryland at Greenbelt. (signed by Magistrate Judge Alan Kay on 2/18/05) (jeb, ) (Entered: 05/13/2005) |
| 02/22/2005 | 4 | NOTICE OF ATTORNEY APPEARANCE: David Walker Bos appearing for COURTNEY ANTHONY BAILEY. (zhsj, ) (Entered: 02/23/2005) |
| 04/11/2008 | | Leave to File Denied regarding resolution pursuant to a right secured by the First Amendment of the United Stated Constitution. (as, ) (Entered: 04/14/2008) |

| PACER Service Center |||||
|---|---|---|---|---|
| Transaction Receipt |||||
| 05/09/2008 14:41:20 |||||
| PACER Login: | du8101 | Client Code: | | |
| Description: | Docket Report | Search Criteria: | 1:05-mj-00086-AK ||
| Billable Pages: | 1 | Cost: | 0.08 ||