UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
COURTNEY ANTHONY BAILEY,           )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Civil Action No. 08-283 (CKK)
                                    )
UNITED STATES MARSHALS              )
SERVICE, et al.,                    )
                                    )
        Defendants.                 )
_____)

**DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT UNTIL THE COURT
RULES ON DEFENDANTS' MOTION TO DISMISS**

Pursuant to Local Rule 7(b), the United States Marshals Service and Marshal George Walsh request that the Court stay briefing on plaintiff Courtney Bailey's motion for summary judgment until after it rules on defendants' motion to dismiss. Bailey, a prisoner who is proceeding *pro se*, alleges that the United States Marshals Service unlawfully transported him from the District of Columbia jail to the United States District Court for the District of Maryland. He acknowledges that the Marshals Service transported him to Maryland pursuant to an order by Magistrate Judge Kay, but he contends that Magistrate Judge Kay's order was unlawful. Bailey asserts constitutional claims against the Marshals Service, United States Marshal George Walsh, and several "unknown" Deputy Marshals.

As the defendants demonstrate in their motion to dismiss, the Court should dismiss Bailey's Complaint for four reasons. First, the United States has not waived its sovereign immunity for damages claims based on alleged constitutional violations. This Court lacks subject matter jurisdiction over Bailey's claims against the Marshals Service because he only

seeks monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994) (holding that there is no "damages action directly against federal agencies"); *Taylor v. FDIC*, 132 F.3d 753, 768 (D.C. Cir. 1997) (holding that "no cause of action for damages for constitutional violations . . . is to be implied against government agencies."); *Komongnan v. United States Marshals Serv.*, 471 F. Supp.2d 1, 4 (D.D.C. 2006) (same).

Second, Marshal Walsh is entitled to absolute quasi-judicial immunity for (allegedly) transporting Bailey to Maryland. Magistrate Judge Kay issued a facially valid order that required the Marshals Service to take this action. Marshal Walsh did not violate Bailey's constitutional rights by complying with Magistrate Judge Kay's order. *Roland v. Phillips*, 19 F.3d 552, 555-56 (11th Cir. 1994) ("[L]aw enforcement officials executing a facially valid court order are protected by absolute quasi-judicial immunity."); *Valdez v. Denver*, 878 F.2d 1285, 1288-90 (10th Cir. 1989) ( "Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel. A lesser degree of immunity could impair the judicial process.")

Third, even if Marshal Walsh is not entitled to absolute immunity, he is entitled to qualified immunity because he did not violate a clearly established right held by Bailey. Transporting a prisoner pursuant to a court order does not violate that prisoner's constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Komongnan*, 471 F. Supp.2d at 6 (holding that "qualified immunity . . . protects all but the plainly incompetent or those who knowingly violate the law.")

Fourth, Bailey has failed to serve Marshal Walsh with a copy of the Complaint. The

Court, therefore, lacks jurisdiction over Marshal Walsh at this time.  *See* Fed. R. Civ. Pro. 4(i)(3); *see also Simpkins v. Dist. of Columbia Gov't.*, 108 F.3d 366, 369 (D.C. Cir. 1997).

If the Court grants the defendants' motion to dismiss, it will obviate the need for defendants or this Court to address plaintiff's motion for summary judgment.  It will also relieve plaintiff of having to draft a reply brief in support of his motion for summary judgment. Accordingly, the Court should rule on defendants' motion to dismiss before requiring the defendants to respond to plaintiff's summary judgment motion.  *Cf. Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.")

A proposed order is attached.

Respectfully submitted,

_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
May 12, 2008                    harry.roback@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2008, I caused a copy of defendants' motion to stay briefing on plaintiff's motion for summary judgment to be served on plaintiff by mailing it to the following address:

Courtney Bailey
R# 27976-016
Allentown FPC
P.O. Box 1000
White Deer, PA 17887

                                                /s/ Harry B. Roback
                                                Harry B. Roback

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY ANTHONY BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-283 (CKK) |
| ) | |
| UNITED STATES MARSHALS ) | |
| SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PROPOSED ORDER**

Upon consideration of Defendants' motion to stay briefing pending on plaintiff's motion for summary judgment, it is hereby

ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that briefing on Plaintiff's motion for summary judgment is stayed pending a ruling by this Court on Defendants' motion to dismiss. If the Court denies the Defendants' motion to dismiss, the Defendant shall file their response to Plaintiff's motion for summary judgment within eleven days.

SO ORDERED.


Date: _____          _____
                                                    United States District Judge

5