UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**COURTNEY ANTHONY BAILEY**
    Plaintiff,

v.

**UNITED STATES MARSHALS SERVICE, et al**
    Defendants,

RECEIVED
JUN 26 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. 08-283
(CKK)

---

PLAINTIFF'S REPLY MOTION TO DEFENDANTS' MOTION TO DISMISS
AND AMENDED COMPLAINT

---

AND NOW COMES, Courtney Anthony Bailey, a natural person, on his own behalf, unassisted by Counsel, and Plaintiff hereinafter, replies to Defendants' motion to dismiss as follows:

1. Defendant United States Marshals Service, by and through its counsel moves for dismissal of Plaintiff's action, which is solely based, and grounded upon (1) the United States Marshals service is being sued "directly" as an agency in its "official capacity", and (2) Defendant George Walsh's immunity and lack of service upon the Defendant, which leaves counts 1 and 2 of the Complaint uncontested.

    Plaintiff will address these grounds individually hereinafter:

    1.1 Defendant United States Marshals Service alleges that it is being sued by Plaintiff in its "official capacity" and "directly".

    Plaintiff would like the Court to take judicial Notice to the Complaint, more specifically page 3 which states:

    Defendant, "The United States Marshals Service", is an agency within the Department of Justice, with its chief offices located in the District of Columbia and at all times material hereto, was hte "employer" of all Defendants, as United States Marshals service

1

officers/agents, and was responsible hereto, for the overall investigations, discipline, supervision, and training, and was ultimately responsible for, "departmental accountablity of all members of the United States Marshals Service

"United States Marshals Service" is being sued in its capacity as the employer and/or ostencible employer of Defendants, vicariously liable under the theory of Respondeat Superior.

The Defendant United States Marshals argument is on point. For Plaintiff to bring suit against a Federal Agency, is to bring suit against the United States itself, and the United States has not waived its sovereign immunity.

Through research, Plaintiff realized that the proper Defendants to a "Bivens" action is not the "Federal Agency", but the officers itself.

In "Bivens" the United States Supreme Court recognized an action for money damages against federal officers in his or her individual capacity who abuses his or her constitutional authority.

The purpose is to deter federal officers from committing violations of an individual's constitutional rights.

A "Bivens Action" cannot be brought against a federal agency. <u>Thaddeas Flethcer v. D.C. et al</u> Civil Action No. 01-601 (JDB)(2007).

"Bivens", implied a cause of action against federal officials because a direct action against the government is not available.

Plaintiff being unschooled in law, made the United States Marshals Service a Defendant to the "Bivens" action, which by law, it is impermissiable to add a Federal agency as a Defendant to a Bivens action.

Plaintiff moves for the dismissal of Defendant "United States Marshals Service" from the "Bivens" action presently pending in this Honorable Court.

1.2 Plaintiff agrees to the immunity of George Walsh's actions in removing Plaintiff from the District of Columbia pursuant to a facially valid order by Magistrate Alan Kay. He was unaware of the "false arrest" on February 18, 2005 which lead to the order that he was executing.

Furthermore, he was executing a discretionary function, which makes his immune.

Plaintiff does not agree to Defendant view in regard to service upon George Walsh and the United States Marshals Service,

On February 28, 2008, the Clerk of the Court issued a total of four summons, issued as to George Walsh, United States Marshals Service, U.S. Attorney and U.S. Attorney General, and the judicial docket entries obtains this information.

Plaintiff was also granted in forma pauperis status, and the Clerk of the Court initiates summons and complaint. For an unknown reason Defendant is claiming that service upon the Defendant George Walsh was not made, but this is contrary to the judicial record.

Defendant should not attempt to mislead the court, with incomplete and inaccurate information.

Regardless of this, Plaintiff wishes to dismiss George Walsh as a Defendant to this action, which would ultimately eliminate count 3 of the complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff concedes to the dismissal of Defendant "United States Marshals Service" to Plaintiff's "Bivens Action".

Plaintiff concedes to the dismissal of Defendant George Walsh and Count 3 of the "Bivens Action".

**WHEREFORE,** Plaintiff files an amended "Bivens Action", which excludes "George Walsh" and "United States Marshals Service", and pursues monetary damages against "Unknown Named United States Marshals"[1] pursuant to Count 1 "False arrest" and Count 2 "False imprisonment", and an amended count 3 "abuse of process" for the removal of Plaintiff from the D.C. Jail on the morning of February 18, 2005.

Respectfully,

*Courtney Bailey*
Courtney Anthony Bailey #27976-016
M.V.C.C.
555 Cornell Drive
Phillipsburg, Pa
16866

**See Amended "Bivens Action" and accompanying memorandum in support.**

---

1. The "Unknown United States Marshals" are 1 of four Defendant's in this action.

## CERTIFICATE OF SERVICE

I, Courtney Anthony Bailey, herby certify that on this 23rd day of June 2008, I caused a copy of Plaintiff's reply motion to Defendants' motion to dismiss, Amended Civil Complaint, and Memorandum in support, to be served on Defendant by mailing it to the following address:

Harry B. Roback
Assistant U.S. Attorney
Civil Division
501 Third Street N.W.
Washington D.C.
20530

Respectfully,

*Courtney Bailey*

Courtney Anthony Bailey #27976-016
M.V.C.C.
555 Cornell Drive
Phillipsburg, Pa
16866