THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

JUN 2 6 2008

COURTNEY ANTHONY BAILEY
#27976-016
M.V.C.C.
555 Cornell Drive
Phillipsburg, Pa
16866
      Plaintiff,

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

CASE NO. 08-283 (CKK)

JURY TRIAL DEMANDED

v.

UNKNOWN NAMED UNITED STATES MARSHALS
      Defendants,

## AMENDED CIVIL COMPLAINT

AND NOW COMES, Courtney Anthony Bailey, a natural person, in good faith, and on his own behalf, and Plaintiff herein-after, complain against "Unknown Named United States Marshals" as follows:

### I. PRELIMINARY STATEMENT

This is an amended civil complaint brought by Plaintiff, alleging "false arrest", "false imprisonment", and "abuse of process", by "Unknown Named United States Marshals", in violation of the Fourth Amendment of the United States Constitution, which lead to a deprivation of liberty without due process of the law in violation of the Fifth Amendment of the United States Constitution.

Where the restraint is imposed by virtue of one claiming authority to do so, and an arrest occurs, it will be a "false arrest", as well as "false imprisonment", and the basis of a civil action for damages, for the intentional, unjustified detention or confinement of a person, which unlawfully restrains another's personal freedom of locomotion.

Plaintiff seeks nominal, compensatory, and punitive damages, and all cost associated with bringing and maintaining this action.

## II. JURISDICTION AND VENUE

Plaintiff invokes this Honorable Court jurisdiction pursuant to 28 U.S.C. §1331 (federal question), Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Fourth and Fifth Amendments of the United States Constitution.

This Court has supplemental jurisdiction pursuant to 18 U.S,C. §241, 42 U.S.C. §1985 and 1986 in that PLaintiff alleges a con-spiracy by "Unknown United States Marshals" to deprive Plaintiff of his civil rights and right protected by the United States Con-stitution.

Venue is proper pursuant to 28 U.S.C. 1391. All Defendants place of business is within the District of Columbia.

Venue is proper because a party asserting a right under the Constitution of the United States or federal laws may lay venue under either the general venue statue or a special District of Columbia statue, and the courts of the District may exercise their authority in cases committed to them by either.

## III. PRO-SE FILINGS

Plaintiff presents this filing on his own behalf, and re-quest this Honorable Court to liberally construe the filing. In Mithchell v. Horn, citing Haines v. Kerner, the Court held that, "[t]he allegations of [a] pro-se complaint [are generally held] to a less stringent standard than formal pleadings drafted by a lawyer. See Mitchell v. Horn, 318 F. 3d 523 (3rd Cir. 2003) citing Haines v. Kerner 404 U.S. 519, 520

2

### IV. PARTIES

1. Plaintiff, Courtney Anthony Bailey, is currently incarcerated at Moshannon Valley Correctional Center, 555 Cornell Drive Phillipsburg, Pa 16866

2. Defendants, "Unknown Named United States Marshals", is being sued in their "individual capacity" for the "false arrest", "false imprisonment" of Plaintiff on February 18, 2005.

**At all times relevent to this complaint each "Unknown Named United States Marshals" was acting under the color of federal law.**

### V. FACTS/CAUSE OF ACTION

1. On February 16, 2005, Plaintiff was arrested for possession of marihuana in the District of Columbia.

2. On February 17, 2005, Plaintiff was brought before the Honorable Aida L. Melendez in the Superior Court of the District of Columbia.

3. In that proceeding, Plaintiff's possession of marijuana charge was dismissed in light of a complaint filed by the State of Maryland, charging Plaintiff as a Fugitive from Justice, for Failure to appear. See Exhibit "A" (Court Clerk's Memorandum), and Exhibit "B" D.C. Superior Court docket sheet.

4. Plaintiff waived extradition, and was ORDERED detained at the District of Columbia Jail to await the "proper officials" of the State of Maryland, pursuant to D.C. Superior Court process, **(ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER).** See Exhibit "C" D.C. Superior Court's process.

5. Pursuant to the D.C. Superior Court's process no sovereignty had the authority to remove plaintiff from the D.C. Jail, without authorization from the D.C. Superior Court, other than the State of Maryland officials.

3

6. On the morning of February 18, 2005, not even twenty-four hours after Plaintiff was ORDERED detained at the D.C. Jail to await the "proper officials of Maryland", several "Unknown United States Marshals", arrested Plaintiff in the middle of an pending extradition process between the State of Maryland and the D.C. Superior Court.

7. The "Unknown United States Marshals", then transported Plaintiff into the United States District Court for the District of Columbia. See Exhibit "D" Central locator report for Bailey, Courtney USM 27976-016 dated 2/18/2005, and exhibit "E", Individual custody and detention report USM 129.

8. Plaintiff was taken into the Court of the United States Magistrate Judge Alan Kay, where Alan Kay, held Plaintiff without bond, pending removal to the District of Columbia, Greenbelt by the United States Marshals, and also Committed Plaintiff to the custody of the United States Marshals Service. See exhibit "F" Commitment to the Bureau of Prisons, and exhibit "G" Commitment to another District.

9. Plaintiff was then taken back to the D.C. Jail by the "Unknown Named United States Marshals".

10. As of February 18, 2005, Plaintiff was detained at the District of Columbia Jail pursuant to the D.C. Superior Court which lawfully detained Plaintiff at the D.C. Jail, and also detained at the D.C. Jail by the orders issued in the United States District Court for D.C. earlier that day, which unlawfully detained Plaintiff at the D.C. Jail, which constitutes "false imprisonment".

11. Plaintiff being unschooled in law did not realize that the "Unknown United States Marshals", effectauted a federal arrest without the authority to arrest Plaintiff while being detained at the D.C. Jail pursuant to the process of the D.C. Supeior Court entered February 17, 2005, and their actions constituted a "false arrest", and because of their action Plaintiff was "held without bond" in the United States District Court for D.C., which constitutes "false imprisonment", and their action would not have occured, if they did not improperly use the leagal arrest warrant, which constitutes "abuse of process".

## VI. COUNT 1
### "FALSE ARREST"/FOURTH AMENDMENT VIOLATION

"False arrest"is an arrest made without legal authority, or "without sufficient legal authority".

On February 18, 2005, "Unknown United States Marshals", working for the United States District Court for the District of Columbia, effectuated a federal arrest pursuant to rule 40 of the federal rules of criminal procedure when Plaintiff was "in custody" of the District of Columbia and held at the D.C. Jail awaiting to be extradited to the State of Maryland.

The United States Marshals lacked the authority under rule 40 of the federal Rules of criminal Procedure, because Plaintiff was already "in custody". See United States v. Stephens 315 F. Supp 1008 (1970), holding that Rule 40 is inapplicable when a defendant is "in custody" of any sovereignty, including the United States.

Once Plaintiff was "in custody" of the District of Columbia Courts, the "Unknown United States Marshals' lacked the authority

5

to effectuate a federal arrest, and because the "Unknown United
States Marshals", lacked the authority, the removal of Plaintiff
constitutes "false arrest" and an "unreasonable seizure of Plain-
tiff's person in violation of the Fourth Amendment".

## VII. COUNT 2
### "FALSE IMPRISONMENT"/FIFTH AMENDMENT VIOLATION

"False imprisonment" is the unlawful restraint by one person
of physical liberty of another without consent or legal justifi-
cation.

Liability for false imprisonment may be premised on an order
of commitment being made without jurisdiction, because the statu-
tory requirements for commitment were not followed. See Jillson
v. Caprio 181 F.2d 523 (D.C. Cir 1950).

On February 18, 2005, "Unknown United States Marshals",
caused Plaintiff to be committed to United States jurisdiction,
while being detained in the District of Columbia custody awaiting
the "proper officials" of the State of Maryland, and also caused
Plaintiff to be committed to another federal District for prose-
cution, without the United States District Court for D.C. ob-
taining lawful jurisdiction over Plaintiff from the D.C. Superior
Court.

The actions by the "Unknown United States Marshals" caused
the detention of Plaintiff at the D.C. Jail pursuant to two (2)
void orders of commitment, while Plaintiff was still being de-
tained pursuant to the D.C. Superior Court process entered Febru-
ary 17, 2005 (ORDER FOR THE RETURN OF FUGITIVE).

6

The detention of Plaintiff pursuant to these two (2) orders of Commitment entered in the United States District Court for D.C., which was caused by the "Unknown United States Marshals", makes then liable for "false imprisonment", becase the "Unknown United States Marshals" lacked the authority to remove Plaintiff from the D.C. Jail on February 18, 2005, after the D.C. Superior Court entered its process, detaining Plaintiff in the District of Columbia custody at the D.C. Jail to "await the proper officials of the State of Maryland".

### VII. COUNT 3
### "ABUSE OF PROCESS"

"Abuse of process" is the employment of a process in a matter not contemplated by law, or to effect a purpose which such a process is not intended by law to effect.

On February 18, 2005, the "Unknown Named United States Marshals", used a valid arrest warrant, when it was "impermissiable" to effectuate a federal arrest while Plaintiff was being held under the authority of the District of Columbia, detained at the D.C. Jail pursuant to D.C. Superior Court process (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER).

By law the "Unknown Named United States Marshals" cannot effectuate a federal arrest when a Defendant is already "in custody", or the arrest warrant must be accompanied by a "Writ of Habeas Corpus Ad prosequendum".

Because the "Unknown United States Marshals" effectuated an impermissable arrest over Plaintiff person pursuant to a valid process, the "Unknown United States Marshals" are liable for abuse of process.

### IV. CLAIMS FOR RELIEF

1. The "Unknown United States Marshals", falsely arrested Plaintiff on Fegruary 18, 2005, of which violated Plaintiff's right secured by the Fourth Amendment of the United States Constitution against "unreasonable seizure" of Plaintiff's person.

2. The "Unknown Named United States Marshals", cause Plaintiff to be "falsely imprisoned" pursuant to void orders of Commitment in the United States District Court for D.C., which held Plaintiff without bond without jurisdiction, which violated Plaintiff's right's secured by the Fifth Amendment of the United States Constitution against a deprivation of liberty without due process of the law.

3. The "Unknown United States Marshals", conspired to deprive Plaintiff of his protected Fourth Amendment right, in falsifying, the "United States Marshals Form 129", making it appear that Plaintiff was not removed from the D.C. Jail on February 18, 2005, but arrested on Southern Avenue on February 18, 2005, by local law enforcement. See Exhibit "E".

4. The "Unknown Named United States Marshals", impermissably used a valid arrest warrant to remove Plaintiff from the D.C. Jail on February 18, 2005, after Plaintiff was COURT ORDERED detained at the D.C. Jail pending return to the States of Maryland in the custody of a "proper official" of that State.

## X. DEMAND FOR RELIEF

A. Plaintiff demands a cumulative award of nominal damages, jointly and severally, in the amount of three million dollars ($3,000,000.00), against "Unknown United States Marshals" for the conduct set forth in this complaint.

B. Plaintiff demand a cumulative award of punitive damages jointly and severally, in the amount of three million ($3,000,000.00) dollars, or an amount to be determined by the jury, against "Unknown Named United States Marshals" for the conduct set forth in this complaint.

C. Plaintiff demands a cumulative award of compensatory damages jointly and severally in the amount of three million ($3,000,000.00) dollars, or an amount to be determined by the jury, against "Unknown Named United States Marshals" for the conduct set forth in this complaint.

D. Plaintiff demands court cost and all expenses associated with bringing this action, to be awarded jointly and severally against all "Unknown Named United States Marshals", and

E. Such other relief as the Court may deem appropiate, fit, just, and in the best interest of justice.

9

## DECLARATION

I, Courtney Anthony Bailey, the Plaintiff, being of majority age and competent to testify, do declare that the truths and facts in Plaintiff's Amended Civil Complaint are of Plaintiff's best first-hand knowledge, true, correct, certain, complete, and not mis leading.

RESPECTFULLY SUBMITTED ON THIS __23ʳᵈ__ DAY OF JUNE 2008.

*Courtney Bailey*
COURTNEY ANTHONY BAILEY
M.V.C.C.
555 Cornell Drive
Phillipsburg, Pa
16866

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


COURTNEY ANTHONY BAILEY,
         Plaintiff,

                                          Civil Action No. 08-283 (CKK)
         v.


UNKNOWN NAMED UNITED STATES
MARSHALS"
         Defendants,


MEMORANDUM IN SUPPORT OF PLAINTIFF'S AMENDED COMPLAINT


Courtney Anthony Bailey, the Plaintiff in the above captioned case, alleges that "Unknown Named United States Marshals", violated Plaintiff's rights secured by virtue of the Fourth and Fifth Amendments of the United States Constitution, by removing Plaintiff from the D.C. Jail on the morning of February 18, 2005, a day after Plaintiff was "ordered detained at the District of Columbia Jail pending return to the State of Maryland in the custody of the proper officials of that State", by the D.C. Superior Court

In order for this Court to see the Fourth and Fifth Amendment violations, the court has to apply the law governing the fundamental principles of "comity".

"The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of litigation into its control, whether **person or property,** must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose. Ponzi v. Fessenden 258 U.S. 254 (1922).

1

The meaning of this, is that when Plaintiff was ordered detained by the D.C. Superior Court, the D.C. Superior Court had to relinquish jurisdiction over Plaintiff's person before any Court was permitted to remove Plaintiff from the D.C. Jail, with the exception of the State of Maryland Courts.

On February 18, 2005, when Plaintiff appeared in the United States District Court, there was a conflict of jurisdiction, and the D.C. Superior Court's custody was never relinquished to any of the United States Courts, neither for D.C. or Maryland.

The principle of "comity" is better stated by Justice Matthews in Covell v. Heyman 111 U.S. 176 as follows:

"The forebearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of "comity", with perhaps no higher sanction than the utility which comes from concord; but between State Courts[1] and those of the United States it is something more. It is a principle of right and of law, and therefore of necessity, so far as their jurisdiction is concurrent; and although they co-exist in the same space, they are independant, and have no common superior. They exercise jurisdiction, it is true, with the same territory, but not in the same plane; and **when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other**[2], as if it had been carried

---

1. Pursuant to the District of Columbia Court Reform and Criminal Procedure of 1970, Congress created an independant court system analogous to State systems of Courts (D.C. Superior Court and the D.C. Court of Appeals).

2. Pursuant to the D.C. Superior Court's process (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER), Plaintiff was placed in the exclusive custody of the District of Columbia Court system, and the jurisdiction of the United States District Court was divested until D.C. Superior Court lawfully relinquished jurisdiction over Plaintiff's person.

physically into a different territorial sovereignty. To attempt to seize it by foreign process is **futile and void**".

The Heyman case concerned property, but the same principle applies to jurisdiction over persons as is shown by the great judgement in <u>Ableman v. Booth</u> 62 U.S. 506 (1858), quoted from and relied upon in <u>Covell v. Heyman</u>.

The fundamental principles of comity prohibited the United States Marshals from removing Plaintiff from the D.C. Jail on February 18, 2005. the fundamental rules of comity are rules of practical necessity, without which our political system of in-dependant sovereignties could not function, they were formulated early in our nation's history, having been articulated and fol-lowed in a series of United States Supreme Court cases extending back into the nineteenth century.

The "Unknown Named United States Marshals" had no authority to remove Plaintiff from the District of Columbia Jail pursuant to an "arrest warrant", after Plaintiff was held in the exclusive custody of the District of Columbia pursuant to its process issued by the D.C. Superior Court, which was the ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER. See this Process attached hereto.

The "Unknown Named United States Marshals" effectuated a fed-eral arrest pursuant to Federal Rules of Criminal Procedure, when Plaintiff was "in custody" of the District of Columbia.

Rule 40 is inapplicable when a defendant is "in custody" of any sovereignty, including the United States. See <u>U.S. v. Stephens</u> 315 F. Supp 1008 (1970).

On February 18, 2005, Plaintiff was "within" the dominion and jurisdiction of another government (District of Columbia), and neither a "arrest warrant" issued under the authority of the United States nor any other process can pass over the line of division between the two sovereignties, the D.C. Superior Court and the United States District Court for D.C., See Robb v. Connolly 111 U.S. 624 (1884).

No court had any right to interfere with Plaintiff while Plaintiff was being detained at the District of Columbia Jail pursuant to the D.C. Superior Court's process (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER), or require Plaintiff to be brought before them, other than the "State of Maryland".

It was "Unknown United States Marshals" duty to resist its process (arrest warrant), and call to his aid any force that might be necessary to maintain the authority of law against interference. See Robb v. Connolly 111 U.S. 624 (1884).

The Court in Taylor v. Carryl 61 U.S. 583 (1857), held that District Courts has no right to interfere with the process of State Courts, when they are exercising their jurisdiction, and also has no right to tresspass upon a sovereign and reserved rights of a State.

Also in a majority opinion in that case, the court agreed that it is among the first duties of every court of the United States to carefully avoid tresspassing upon the rights reserved to the states, or "interfere with the process of their courts", when they are exercising either concurrent or exclusive jurisdiction.

4

Pursuant to the District of Columbia Court Reform and Criminal Procedure Act of 1970, Congress divested the United States District Court for D.C. of subject-matter jurisdiction regarding Fugitives from Justice, and gave that subject-matter jurisdiction to the D.C. Superior Court.

The D.C. Superior Court and the U.S. District Court for D.C. are two distinct and seperate sovereignties with the same territorial space, each of them restricted in its powers and each within its sphere of action prescribed by the Constitution of the United States, independant of the other.

Once Plaintiff was detained at the District of Columbia Jail pursuant to D.C. Superior Court process (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER)., the D.C. Superior Court had to exhaust its jurisdiction, meaning relinquishing jurisdiction over Plaintiff's person, and without the D.C. Superior relinquishing jurisdiction over Plaintiff, no officer working for the United States District Court for D.C. had the authority to remove Plaintiff from the D.C. Jail on the morning of February 18, 2005.

The actions by the "Unknown United States Marshals", constitute an unreasonable seizure and a "false arrest", and the unjustified detention of Plaintiff pursuant to an order by Magistrate Alan Kay, causing a deprivation of liberty without due process of the law, which constitutes "false imprisonment" in violation of the Fifth Amendment, and lastly "abuse of process" for the improper use of an arrest warrant, when the arrest warrant was not sufficient process to lawfully remove Plaintiff, after Plaintiff was COURT ORDERED detained at the District of Columbia Jail to await the "proper officials of Maryland".

In Bivens v. Six Unknown Named Agents of Federal Bureau
of Narcotics 403 U.S. 388 (1971), the Supreme Court held that a
violation of the Fourth Amendment by a federal agent acting under
color of his authority gave rise to a cause of action for damages
consequent upon his unconstitutional conduct.

The Court said that the Fourth Amendment operated as a lim-
itation upon the exercise of federal power regardless of whether
the state in whose jurisdiction that power was exercised would
prohibit or penalize the identical act if engaged by a private
person. It guaranteed to a citizen of the United States the ab-
solut right to be free from "unreasonable seizures", carried out
by virtue of federal authority, the court continued, stating that
where federally protected rights had been invaded, it was the rule
from the beginning that "courts would be alert to adjust their
remedies as to grant the relief necessary".

The Court emphasized that historically damages had been re-
garded as the ordinary remedy for the invasion of personal inter-
est in liberty, stating that although the Fourth Amendment did
not in so many words provide for its enforcement by an award of
money damages for the consequences of its violation, it is well
settled that where legal rights had been violated and a federal
statue provided for a general right to sue for such invasion a
federal court "could use any available remedy to make good a
wrong done".

The Bivens Court stated that it was clear that Congress had
never intended the Federal Tort Claims Act (FTCA) as the exclu-
sive remedy for the tortious conduct of federal officials.

6

The Court also stated that an exclusive remedy under the FTCA would provide a "less effective" deterrent against constitutional violations than a direct action against federal officials.

Respectfully,

Courtney Anthony Bailey
M.V.C.C.
555 Cornell Drive
Phillipsburg, Pa
16866

7

SP 398 '05

SP 398 '05

# Superior Court of the District of Columbia

## SPECIAL PROCEEDINGS SECTION

Exhibit "A"

### UNITED STATES
#### VS

Lockup Nbr: Courtney Bailey

PDID:    DOB:    CCR:

474-919        8-13-78

A TRUE COPY
TEST: 5-25-07
Clerk Superior Court of the District of Columbia
By: _____ Deputy Clerk

Cresta Savage 459 058

| DATE | COURT CLERK'S MEMORANDUM | JUDGE |
|------|--------------------------|-------|
| FEB 17 2005 | AFFIDAVIT AND COMPLAINT FILED. FUGITIVE FROM THE STATE OF MD CHARGING THE DEFENDANT WITH RECEIVED AND FILED. JACKET FORWARDED TO COURTROOM C-10. | |
| 2/17/05 | ~~Extradition~~ ... Filed herein | |
| | per J. Melendez CJA Certified | |
| 2/18/05 | Per Detective Nome Ronan adtainer is filed due to local charges AUSA Rich Basile notified. Jacket forwarded to C-10 to disposition. ESC SP Branch | |

Exhibit "B"

Close  Open  Save  Print    Add  Delete  Search    FullScr  Custdy  Parties  Image  Forms  Sumry  Tickler

Events  Track  Report  Labels  Docket    System  Calc  ImgLnk  Re-  View  Dkt ID
                                          Notes              Order

Options  Doc.  Dismis

2005 FUG 000398          In The Matter Of: BAILEY, COURTNEY A

Search Criteria
Docket Entry                              |  Begin Date          SortDescending
Images        All Dockets                 |  End Date
Participant                               |
Display OptionExclude Non Display Dockets

Search Results

| Docket Date | Reference | Description | Amt Dism/Credit | Amt Owed/ Amount Due |
|---|---|---|---|---|
| 2/19/2005 | | COURTROOM C10. CASE NOLLED. J. ALPRIN/IC | | |
| 2/18/2005 | | PER DETECTIVE NORMA ROMAN, FUGITIVE SQUAD, A DETAINER IS FILED DUE TO LOCAL CHARGES. AUSA BASILE NOTIFIED. JACKET FORWARDED TO C-10 FOR DISPOSITION. EBC/SP | | |
| 2/17/2005 | | EXTRADITION HEARING WAIVED. DEFENDANT ORDERED TO DEMANDING STATE. ORDER FILED HEREIN. PER JUDGE MELENDEZ CJA CERTIFIED. EBC/SP BRANCH | | |
| 2/17/2005 | | AFFIDAVIT AND COMPLAINT FILED. FUGITIVE FROM THE STATE OF MARYLAND CHARGING THEDEFENDANT WITH FTA RECEIVED AND FILED. JACKET FORWARDED TO COURTROOM C-10. EBC/SP BRANCH | | |

Exhibit "C"

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

STATE OF ....... MARYLAND .......

vs

BAILEY, COURTNEY .......

PDID NO. ..... 474919 .....

SP NO. ... 398 .. FEB 19 P 3: 34

RECEIVED

## ORDER FOR RETURN OF FUGITIVE UPON WAIVER

BAILEY, COURTNEY ..........................................., having appeared with Counsel in open Court

on ..... FEBRUARY 17, 2005 ............................ and having waived further proceedings pursuant

to law and indicated his desire to return voluntarily to the State of ... MARYLAND ............,

is hereby

ORDERED detained at the District of Columbia Jail pending return to the State of

MARYLAND ...................... in the custody of the proper officials of that state; and it is

FURTHER ORDERED that if .. BAILEY, COURTNEY ........................ has not been

surrendered to the custody of a proper official of the State of ...... MARYLAND ...........

by . FEBRUARY 23, 2005 ..... (3 days, not including Saturday, Sunday or holidays), he shall

be returned FORTHWITH to this Court for such further proceedings as the Court shall deem

appropriate.

.... 2/17/05 ..............
DATE

.... Aida L. Melendz ..........
JUDGE

## RETURN

OFFICIAL: ..............................................................................

NAME

..............................................................................

ADDRESS

..............................................................................

TITLE

WHITE—COURT COPY
YELLOW—DEFENDANT'S COPY
PINK—JAIL COPY
GOLDENROD—COPY TO BE RETURNED TO COURT
AFTER EXECUTED

Form CD-494/Nov. 87

8-1296 wd-234

United States Marshals Service
LIMITED OFFICIAL USE
Central Locator Report for BAILEY, COURTNEY (USMS 27976016)



Exhibit "D"



2/18/2005


2/18/2005

## Prisoner Information

USMS Number : 27976016
District : d016
First Name : COURTNEY
Middle Name : ANTHONY
Last Name : BAILEY
SSN : 578063026
FBI# :
Alien :
Citizen Code : US
Last Updated : 03/25/2007

City : KINGSTON
State : JAPAN
Sex : Male
Race : Black
Eyes : BROWN
Hair : BLACK
Height : 5'6"
Weight : 160
Date of Birth : 08/13/1978

## Facility Information

| Facility Code | Admit Date | Release Date |
| --- | --- | --- |
| 3JY | 02/18/2005 | 02/23/2005 |

LIMITED OFFICAL USE

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF DISTRICT OF COLUMBIA
DISTRICT: 16 OFFICE: DC
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: BAILEY, COURTNEY ANTHONY
USMS NUMBER: 27976016



Exhibit "E"

## I. IDENTIFICATION DATA

| USMS NUMBER: 27976016 | | | NAME: BAILEY, COURTNEY ANTHONY | | |
|---|---|---|---|---|---|
| ADDRESS: 2400 QUEENS CHAPEL RD #621 HYATTSVILL, MD | | | PHONE: | | |
| DOB: 08/13/1978 | AGE: 28 | | POB: KINGSTON, JA | | |
| SEX: M | RACE: B | HAIR: BLK | EYE: BRO | HEIGHT: 506 | WEIGHT: 160 |
| SSN: 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 | FBI NBR: | | ALIEN NBR: | | |

| OTHER NUMBER TYPE | OTHER NUMBER VALUE |
|---|---|
| DC | 278637 |

| DETAINER DATE | ACTIVE | AGENCY | REMARK |
|---|---|---|---|
| **/**/**** | N | | |

| PRISONER ALIAS | ALIAS REMARK |
|---|---|
| NONE | |

## II. CASE INFORMATION

| CTR | STATUS | COURT CASE NUMBER | FEDERAL COURT CITY | JUDGE | US ATTORNEY | DEFENSE ATTORNEY |
|---|---|---|---|---|---|---|
| 1 | RL-WOR | 27976016-1 | WASHINGTON | | | |

| CTR | ARREST DATE | ARRESTING AGENCY | ARREST LOCATION | WARRANT NUMBER |
|---|---|---|---|---|
| 1 | 02/18/2005 | LOCAL LAW ENFORCEMENT | SOUTHERN AVE, SE | |

| CTR | OFFENSE CODE | OFFENSE | REMARK | DISPOSITION |
|---|---|---|---|---|
| 1 | 3530 | COCAINE - SELL | | UNKNOWN |

## III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|---|---|---|---|---|---|
| 1 | WT-TRIAL | 02/18/2005 | 02/18/2005 | **/**/**** | |
| 1 | WT-MOVE | 02/22/2005 | **/**/**** | **/**/**** | WARRANT OF REMOVAL TO USMS/GREENBELT |
| 1 | RL-WOR | 02/23/2005 | **/**/**** | 02/23/2005 | |

## IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| CEL | CELL BLOCK | 02/18/2005 | 02/18/2005 | 0 | |
| 3JY | D.C. JAIL | 02/18/2005 | 02/23/2005 | 5 | |

## COMMITMENT TO BUREAU OF PRISONS

TYPE OF COMMITMENT:

_____   Pretrial

_____   Convicted (Pending Sentence)

_____   Convicted (Sentenced)

*7786*

Exhibit "F"

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

the _____ day of _____, 20____

UNITED STATES OF AMERICA

vs

_____
(Name of Defendant)

_____
(DOB, PDID, DCDC Numbers)

CRIMINAL NO. _____

THIS NUMBER REPLACES _____

OFFENSE(S) _____

_____

_____

_____

CODE VIOLATION: _____

_____

TO:   Attorney General of the U.S.
      Director, Bureau of Prisons

The Court has ordered that the above named defendant be committed to the Bureau of Prisons; therefore receive into your custody the body of said defendant and safely keep in your custody until further order, and this shall be your sufficient warrant.

By the Court: _____

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk            (Seal)

Defendant's Court Return Date: _____ Status _____ Sentence_____
                                              Motion_____ Trial_____

SENTENCE IMPOSED BY THE COURT:

_____ Months incarceration; Supervised Release of _____ years to follow.

Total Special Assessment $_____     Total Fine $ _____

Medical Treatment: _____

Court Recommends Incarceration at:_____

BOND SET/REDUCED: _____

OTHER:_____

CO-183 MJ (Rev 1/98)

AO 94 (Rev. 8/85) Commitment to Another District

# United States District Court

FILED

FEB

DISTRICT OF _Columbia_

NANCY MAYER
U.S. DIS

Exhibit "G"

UNITED STATES OF AMERICA

v.

_Courtney Anthony Bailey_

**COMMITMENT TO ANOTHER DISTRICT**

CASE NUMBER: _05 − 0861y−c_

The defendant is charged with a violation of _21_ U.S.C. _841_ alleged to have been committed in the _____ District of _Maryland, Greenbelt_

Brief Description of Charge(s):

_C. S. A._

United States District Court
for the District of Columbia
A TRUE COPY

NANCY MAYER-WHITTINGTON, Clerk

By _Kymberley Ray_
　　　Deputy Clerk

The defendant has been unable to obtain release under the Bail Reform Act of 1984, 18 U.S.C. §§3141-3143.

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant, all proceedings required by Fed. R. Crim. P. 40 having been completed.

_February 18 2005_
Date

_Alan Kay_
Judicial Officer

| RETURN | | |
|---|---|---|
| This commitment was received and executed as follows: | | |
| DATE COMMITMENT ORDER RECEIVED _2/23/05_ | PLACE OF COMMITMENT _Greenbelt_ | DATE DEFENDANT COMMITTED _2/23/05_ |
| DATE _2/23/05_ | UNITED STATES MARSHAL _George Walsh_ | (BY) DEPUTY MARSHAL _David L. Moore_ |

3

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

STATE OF ........ MARYLAND ...............

vs

BAILEY, COURTNEY ............

PDID NO. ................ 474919 .........

SP NO. ........ 398 FEB 19 P 3:34

RECEIVED

## ORDER FOR RETURN OF FUGITIVE UPON WAIVER

BAILEY, COURTNEY ............

.........................., having appeared with Counsel in open Court

on ...... FEBRUARY 17, 2005 ............. and having waived further proceedings pursuant

to law and indicated his desire to return voluntarily to the State of .... MARYLAND ..............,

is hereby

ORDERED detained at the District of Columbia Jail pending return to the State of
MARYLAND
................................in the custody of the proper officials of that state; and it is

FURTHER ORDERED that if ... BAILEY, COURTNEY ...................has not been

surrendered to the custody of a proper official of the State of ...... MARYLAND ................

by FEBRUARY 23, 2005 ...... (3 days, not including Saturday, Sunday or holidays), he shall

be returned FORTHWITH to this Court for such further proceedings as the Court shall deem

appropriate.

.......2/17/05........
DATE

.......Aida R. Melendz........
JUDGE

## RETURN

OFFICIAL: ..............................................

............... NAME ...............

.................................................

............... ADDRESS ...............

.................................................

............... TITLE ...............

WHITE—COURT COPY
YELLOW—DEFENDANT'S COPY
PINK—JAIL COPY
GOLDENROD—COPY TO BE RETURNED TO COURT
AFTER EXECUTED

Form CD-494/Nov. 87

8-1296 wd-234