UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY ANTHONY BAILEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES MARSHALS ) <br> SERVICE, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 08-283 (CKK) |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6), the United States Marshals Service requests that the Court dismiss the Amended Complaint in this case. The reasons for granting this motion are set forth in the accompanying memorandum in support.

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309

July 31, 2008                    harry.roback@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2008, I caused a copy of defendants' motion to dismiss plaintiff's amended complaint to be served on plaintiff by mailing it to the following address:

Courtney Bailey
R# 27976-016
CI Moshannan Valley
Correctional Institution
555 I Cornell Drive
Philipsburg, PA 16866

      /s/ Harry B. Roback
      Harry B. Roback

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY ANTHONY BAILEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES MARSHALS )<br>SERVICE, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 08-283 (CKK) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Courtney Bailey, a prisoner who is proceeding *pro se*, alleges that "Unknown Named United States Marshals" unlawfully transported him from the District of Columbia jail to the United States District Court for the District of Maryland. He acknowledges that the Marshals Service transported him to Maryland pursuant to an arrest warrant issued by the United States District Court for the District of Maryland and an order by Magistrate Judge Kay of this Court. However, he contends that an order from the Superior Court of the District of Columbia renders these other orders null. Bailey asserts constitutional claims against these "unknown" deputy marshals and seeks $9,000,000 in damages.

The Court should dismiss Bailey's Amended Complaint for four reasons. First, to the extent that Bailey is asserting any claims against the "unknown" deputy marshals in their official capacities, the United States has not waived its sovereign immunity for damages claims based on alleged constitutional violations. Therefore, this Court lacks subject matter jurisdiction over Bailey's claims against the deputy marshals in their official capacities.

Second, the deputy marshals are entitled to absolute quasi-judicial immunity for

transporting Bailey to Maryland. The facially valid order from Magistrate Judge Kay required the Marshals Service to bring Bailey to Maryland. The deputy marshals did not violate Bailey's constitutional rights by complying with this order.

Third, even if the deputy marshals are not entitled to absolute immunity, they are entitled to qualified immunity because they did not violate a clearly established right held by Bailey. It was reasonable for the deputy marshals to rely upon the arrest warrant issued by the District Court of Maryland and Judge Kay's order.

Fourth, Bailey has failed to serve any deputy marshal with a copy of the Complaint. The Court, therefore, lacks jurisdiction over any deputy marshal at this time.[1]

## BACKGROUND

On February 16, 2005, Bailey was arrested in the District of Columbia for possession of marijuana. (Amended Compl. at 3.) On February 17, 2005, Bailey alleges that this charge, which was brought against him in the Superior Court for the District of Columbia, was dropped. (*Id.*) However, an officer for the District of Columbia notified the Superior Court that there were additional charges pending against Bailey in Maryland. (Dkt. 24-2 at 1.) Bailey consented to extradition to Maryland. (Amended Compl. at 3.) The Superior Court accordingly issued an order that Bailey be "detained at the District of Columbia Jail pending return to the State of Maryland in the custody of the proper officials of that State." (Dkt. 24-2 at 8.)

---

[1] The Marshals Service notes that, generally, if a plaintiff is unable to identify the defendant by name the plaintiff may take discovery to uncover his or her identity. *See, e.g.*, *Arista Records LLC v. John Does 1-19*, 551 F. Supp.2d 1 (D.D.C. 2008). Here, however, no discovery is necessary because, as demonstrated below, the Amended Complaint should be dismissed regardless of the identities of the deputy marshals who transported Bailey from the District of Columbia to Maryland. By filing this motion, the Marshals Service hopes to expedite the resolution of this civil action.

At the same time, the United States District Court for the District of Maryland issued an arrest warrant for Bailey. (Dkt. 16-3.) Pursuant to Federal Rules of Criminal Procedure 5 and 40, Bailey was brought before Magistrate Judge Kay of the United States District Court for the District of Columbia. On February 18, 2005, Magistrate Judge Kay issued an order that stated:

> The defendant is charged with a violation of 21 U.S.C. § 841 alleged to have been committed in the District of Maryland, Greenbelt. . . . To: The United States Marshal – You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant, all proceedings required by Fed. R. Crim. P. 40 having been completed.

(Dkt. 24-2 at 7.) On February 23, 2005, the Marshals Service complied with Magistrate Judge Kay's order and transported Bailey from the District of Columbia to Maryland. (Amended Compl. at 4.)

Bailey filed this lawsuit on February 20, 2008, alleging that the Marshals Service violated his Fourth and Fifth Amendment rights by transporting him to Maryland. On February 20, 2008, the Court dismissed any claims that Bailey was asserting under the Federal Tort Claims Act ("FTCA"). (Dkt. 5.) On February 27, 2008, Bailey filed a motion for reconsideration. (Dkt. 8.) However, in his motion, Bailey does not assert that the Court erred in dismissing his claims under the FTCA. (*Id.* at 1.) Rather, he contends that he never brought claims under the FTCA. (*Id.*) Specifically, he wrote that: "There is nothing in Plaintiff's civil Complaint that mentions the Federal Tort Claims Act[;] . . . neither is Plaintiff attempting to invoke the Court's jurisdiction pursuant to the Federal Tort Claims Act." (*Id.*) He further stated that "Plaintiff's Civil Complaint is a Bivens Action brought pursuant to . . . the Fourth and Fifth Amendment[s] of the United States Constitution, and should not be construed as a "Federal Tort

Claims Act." (*Id.* at 2.)[2]

Bailey named the Marshals Service and Marshal George Walsh as defendants in his original Complaint. However, in his Amended Complaint he has not named these individuals as defendants. (Amended Compl. at 1.) Accordingly, at this juncture the only defendants are "unknown named United States Marshals." (Amended Compl. at 1.)

**LEGAL STANDARD**

This Court may dismiss Bailey's Complaint pursuant to Rule 12(b)(6) if he has failed to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support Bailey's claims for relief. In ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider "any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). Thus, the Court may consider the exhibits attached to Bailey's Complaint and the judicial docket report attached to this motion.

Under Rules 12(b)(1) and (5), this Court may dismiss Bailey's Complaint based on lack of subject matter jurisdiction and based on his failure to serve any Deputy Marshal with a copy

---

[2] The Court correctly dismissed any FTCA claims that Bailey was asserting. (Dkt. 5.) One additional reason why any claims by Bailey under the FTCA fail is that he did not timely exhaust his administrative remedies. Under 28 U.S.C. § 2401(b), Bailey had to present the claims in writing to the Marshals Service within two years of when it accrued. Here, that means Bailey had to present his false arrest and false imprisonment claims to the Marshals Service by February 23, 2007. However, Bailey admitted in his original Complaint that he did not notify the Marshals Service of his claims until January 14, 2008. (Compl. at 2.)

of the Complaint.  *See* Fed. R. Civ. Pro. 12(b)(1), (5).

## ARGUMENT

**I.  SOVEREIGN IMMUNITY BARS BAILEY'S CLAIMS AGAINST THE DEPUTY MARSHALS IN THEIR OFFICIAL CAPACITIES**

In the Amended Complaint, Bailey alleges that unknown deputy marshals violated his Fourth and Fifth Amendment rights.  (Amended Compl. at 5-7.)  He seeks $3,000,000 in "nominal damages," $3,000,000 in "punitive damages," and an additional $3,000,000 in "compensatory damages."  (*Id.* at 9.)

Bailey's claims for nominal, compensatory, and punitive damages fail because the United States has not waived its sovereign immunity for that relief.  "Sovereign immunity bars all suits against the United States, its agencies, and federal employees in their official capacities, except where there has been a statutory waiver of immunity."  *Fletcher v. District of Columbia*, 481 F. Supp.2d 156, 160-61 (D.D.C. 2007).  The waiver of sovereign immunity for a particular remedy must be "unambiguous."  *Id.*  The United States has not waived its sovereign immunity for damages based on alleged constitutional violations.  *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994) (holding that there is no "damages action directly against federal agencies"); *Taylor v. FDIC*, 132 F.3d 753, 768 (D.C. Cir. 1997) (holding that "no cause of action for damages for constitutional violations . . . is to be implied against government agencies."); *Komongnan v. United States Marshals Serv.*, 471 F. Supp.2d 1, 4 (D.D.C. 2006) (same).  Therefore, the Court should dismiss Bailey's constitutional claims in this case against the deputy marshals in their official capacities pursuant to Rule 12(b)(1).

## II. THE DEPUTY MARSHALS ARE ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY BASED ON JUDGE KAY'S ORDER

"[L]aw enforcement officials executing a facially valid court order are protected by absolute quasi-judicial immunity." *Roland v. Phillips*, 19 F.3d 552, 555-56 (11th Cir. 1994). "Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel. A lesser degree of immunity could impair the judicial process." *Valdez v. Denver*, 878 F.2d 1285, 1288-90 (10th Cir. 1989).

In this case, Magistrate Judge Kay issued a facially valid order requiring the Marshals Service to transport Bailey from the District of Columbia to the United States District Court for the District of Maryland. The deputy marshals who allegedly transported Bailey to Maryland are entitled to absolute quasi-judicial immunity for enforcing Magistrate Judge Kay's order. *Roland*, 19 F.3d at 555-56; *Valdez*, 878 F.2d at 1288-90.

Moreover, this Court already determined that Magistrate Judge Kay is entitled to absolute immunity from suit based on his order to transport Bailey from the District of Columbia to the District Court of Maryland. *See Bailey v. Kay*, Civ. Action No. 08-369, Memorandum Opinion dated Feb. 29, 2008 (D.D.C. 2008). It would be incongruous for this Court not to hold that the deputy marshals who complied with Judge Kay's order are similarly entitled to absolute immunity. *See Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994) ("It does not seem logical to grant immunity to a judge in making a judicial determination and then hold the official enforcing or relying on that determination liable for failing to question the judge's findings. This would result in the official second-guessing the judge who is primarily responsible for interpreting and

applying the law.")[3]

## III. THE DEPUTY MARSHALS ARE ENTITLED TO QUALIFIED IMMUNITY

"Government officials performing discretionary functions generally are shielded from liability for civil damages" if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The unknown deputy marshals are thus entitled to qualified immunity unless Bailey can show that (1) they violated a constitutional right, and (2) the right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). This "qualified immunity" standard "protects all but the plainly incompetent or those who knowingly violate the law." *Komongnan*, 471 F. Supp.2d at 6.

The deputy marshals did not violate Bailey's Fourth Amendment or Fifth Amendment rights by transporting him from the District of Columbia to the United States District Court for the District of Maryland. Bailey admits in his Amended Complaint that his claims are all predicated on the contention that these deputy marshals had no "legal authority" to transport him to Maryland. (Amended Compl. at 5-7.) But the arrest warrant issued by the District Court of Maryland and Judge Kay's order plainly provided such authority. *Weaks v. FBI-MPD Safe Streets Task Force*, 2006 WL 212141 at * 3 (D.D.C. Jan. 27, 2006) (holding that an officer's "execution of a facially valid arrest warrant . . . [is] protected by the defense of qualified immunity.") (internal quotations omitted).

---

[3] To the extent that Bailey is complaining about the conduct of the deputy marshals prior to Judge Kay issuing his order (i.e., taking him from the D.C. jail to Judge Kay's courtroom in the E. Barrett Prettyman courthouse), that conduct, as demonstrated below, is subject to qualified immunity.

Bailey asserts that the February 17, 2005 order by the Superior Court for the District of Columbia supercedes the arrest warrant of the United States District Court of Maryland and Judge Kay's order. (Amended Compl. at 5-7.) This argument fails for two reasons. First, the Superior Court's order is consistent with the federal court orders. The Superior Court ordered that Bailey be detained so that he could be taken to Maryland to face the charges pending against him in that judicial district. (Dkt. 24-2 at 8.) The Marshals Service's execution of the arrest warrant issued by the District Court of Maryland accomplished precisely that. Bailey's contention that individuals from Maryland should have come to Washington to get him, rather than having deputy marshals from Washington take him to Maryland, has no merit.

Second, Bailey's argument ignores the Supremacy Clause of the Constitution. U.S. Const. Art. VI. The Supremacy Clause makes clear that "Congress' powers, as well as federal judicial actions in conformity with federal law, override state court rulings and determinations in the event that there is a conflict."[4] *Maddox v. Williams*, 855 F. Supp. 406, 413-14 (D.D.C. 1994). Here, any conflict between the orders issued by the United States District Courts for Maryland and the District of Columbia and the Superior Court for the District of Columbia must be resolved in favor of the federal court orders. *Id.*

Moreover, even if this Court determines that the deputy marshals violated Bailey's constitutional rights, those rights were not clearly established in 2005. In determining whether a right is clearly established, this Court looks to "whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Fletcher*, 481 F. Supp.2d

---

[4] The Superior Court of the District of Columbia is a "state court" in these circumstances. *Cf.* 28 U.S.C. § 1451.

at 166. Even today, the Marshals Service reasonably – and correctly – believes that it is permissible for it to enforce the orders of this Court and United States District Court of Maryland. There was no basis in 2005 for a deputy marshal to believe that enforcing Magistrate Judge Kay's order or the arrest warrant was unlawful. Accordingly, the deputy marshals are entitled to qualified immunity.

### IV.   BAILEY HAS FAILED TO SERVE ANY DEPUTY MARSHAL WITH A COPY OF THE COMPLAINT

This Court lacks jurisdiction over the deputy marshals because Bailey has failed to serve any of them with a copy of the Complaint. A federal employee sued in his individual capacity must be served with process in accordance with Rule 4(e). *See* Fed. R. Civ. Pro. 4(i)(3); *see also Simpkins v. Dist. of Columbia Gov't.*, 108 F.3d 366, 369 (D.C. Cir. 1997). Rule 4(e) requires the plaintiff to deliver a copy of the complaint to the employee (or his appointed agent) personally or to leave a copy of the complaint "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. *See* Fed. R. Civ. Pro. 4(e). "The failure to effect individual service is fatal to a *Bivens* claim." *Paolone v. Mueller*, 2006 WL 236448, at *3 (D.D.C. Aug. 11, 2006) (further noting that the employee must be "personally served" for the "court to have jurisdiction over" him.). In this case, Bailey has not served any deputy marshal with a copy of the Complaint or the Amended Complaint personally or at home.[5]

The deputy marshals' limited appearance herein in the form of this motion to dismiss does not constitute a waiver of proper service or a voluntary entry of appearance.

---

[5] The time period prescribed in Rule 4(m) for Bailey to serve the defendants with a copy of the complaint expired on June 19, 2008.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and dismiss the Amended Complaint.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309

July 31, 2008                                    harry.roback@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY ANTHONY BAILEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES MARSHALS )<br>SERVICE, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 08-283 (CKK) |

**PROPOSED ORDER**

Upon consideration of Defendant United States Marshals Service's Motion to Dismiss, it is hereby

ORDERED that the Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that the Amended Complaint in this matter is dismissed with prejudice.

SO ORDERED.


Date: _____                                        _____
                                                                                         United States District Judge