UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COURTNEY ANTHONY BAILEY,
    Plaintiff,

v.

UNITED STATES MARSHALS
SERVICE, et al
    Defendants.

C.A. No 08-283 (CKK)

RECEIVED
AUG 2 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**AND NOW COMES**, Courtney Anthony Bailey, a natural person, on his own behalf, unassisted by counsel, and Plaintiff herein-after, replies to Defendants' motion to dismiss as follows:

Defendants' by and through its counsel moves for dismissal of Plaintiff's case based of four grounds, three of which are moot pursuant to the amended complaint. Nonetheless Plaintiff will address these grounds individually, but first Plaintiff would like to bring to the attention of this Honorable Court that Counsel in this case is changing the "facts".

In Defendants' motion to dismiss, they have changed the contents of the D.C. Superior Court process (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER), which ordered Plaintiff detained at the D.C. Jail pending return to the State of Maryland in the custody of the "proper officials of that State. SEE EXHIBIT "A".

Defendants are now alleging that the D.C. Superior Court ordered that Bailey be detained so that he could be taken to Maryland to face the charges pending against him in that judicial district, and that the Marshals Service's execution of the arrest warrant issued by the District of Maryland accomplished precisely that. See Motion to dismiss at 8.

The Defendants are attemting to give themselves authority that they did not have on February 18, 2005, by alleging that the D.C. Superior Court ordered Plaintiff to "federal custody", rather than "State custody".

If this Court takes judicial notice to EXHIBIT "A", ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER, and the D.C. Superior Court docket sheet, EXHIBIT "B", this Court would recognize that the D.C. Superior Court "did not" order Plaintiff to the "judicial district" in Maryland, but instead ordered Plaintiff to the "State of Maryland Court system" in the custody of the "proper officials" of that State.

This means that the only sovereignty that the D.C. Superior Court granted the authority to remove Plaintiff from the D.C. Jail pursuant to its process, ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER, was the State of Maryland, not federal officials. Federal officials are not cloaked with the authority of the State.

On **February 18, 2005**, the United States Marshals (federal authority) executed a federal arrest, after the D.C. Superior Court invoked the State of Maryland (State authority) jurisdiction over Plaintiff's person pursuant to its process.

So the execution of a federal arrest warrant was impermissable, and did not accomplish the means set out by the D.C. Superior Court order.

-2-

D.C. Superior Court process invoked State not federal jurisdiction over Plaintiff, so the U.S. Marshals could not have lawfully invoked federal jurisdiction over Plaintiff pursuant to an arrest warrant, a day after D.C. Superior Court entered its process (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER), which detained Plaintiff "in custody" at the D.C. Jail until Plaintiff was conveyed to the State of Maryland officials.

Plaintiff believes that if Defendants are going to move this Court to dismiss the action against them, then they should address the accurate "facts" that is well supported by evidence, or not address them at all.

Defendants have clearly violated the the fundamental rules of comity, which governs our nations state and federal systems of courts, by interfering with the process of the D.C. Superior Court, which detained Plaintiff at the D.C. Jail pending return to the State of Maryland in the custody of the proper officials of that State, and caused Plaintiff to be arrested in the middle of an ongoing extradition proceeding.

Instead of addressing the facts, which gave rise to this cause of actions, Defendants are creating their own facts to justify this clear abuse of authority, by stating that the D.C. Superior Court process gave them the authority to execute a federal arrest and ordered Plaintiff to the "judicial district" in Maryland, when in "fact" Plaintiff was ordered to the "demanding state of Maryland", and the only sovereignty that could have lawfully removed Plaintiff from the D.C. Jail was the State of Maryland!

---

1. The State of Maryland officials had until February 23, 2005 to take custody of Plaintiff.

Defendants are truly debassing the process of justice, which implicates an ongoing conspiracy to deprive Plaintiff of his rights secured by virtue of the United States Constitution.

There is no justification of the arrest of Plaintiff's person on February 18, 2005 in the middle of an ongoing extradition proceeding. The fundamental rules of comity prohibited federal officials from executing a federal arrest, and when this arrest was executed on February 18, 2005, it was unlawful, which constitutes an "unreasonable seizure" in violation of the Fourth Amendment.

## PLAINTIFF'S OPPOSITION TO DEFENDANT FIRST ARGUMENT

Defendant alleges that sovereign immunity bars Plaintiff's claim against deputy Marshals in their official capacity.

This argument lacks standing, because the "Unknown Named United States Marshals" are not being sued in their "official capacity", but their "individual capacity". See caption titled "PARTIES" at page 3 of the Amended Complaint.

## PLAINTIFF'S OPPOSITION TO DEFENDANT SECOND ARGUMENT

Defendant alleges that the deputy Marshals are entitled to absolute quasi-judicial immunity based on Judge Kay's order.

Plaintiff has agreed that Defendants were entitled to immunity for their actions on February 23, 2005, when Magistrate Judge Alan Kay's order was executed.

**February 23, 2005** is the only date that the United States Marshals action was in connection to Magistrate Judge Alan Kay's judicial process.

The purpose of the Amended Complaint was to exclude all U.S. Marshals from suit for their actions on **February 23, 2005**, when executing Magistrate Judge Alan Kay facially valid order, therefore Defendant's argument is moot pursuant to the amended complaint.

The only action that Plaintiff seeks redress in this Court, is the actions surrounding **February 18, 2005**. On that date the U.S. Marshals effecuated an impermissable Rule 40 arrest of Plaintiiff's person in the middle of an ongoing extradition proceeding between the D.C. Superior Court and the State of Maryland.

This arrest of Plaintiff was unlawful, and constitutes an "Unreasonable seizure". What authority does the U.S. Marshals have to interfere in a extradition process between two State Courts? **There is no such authority.**

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' THIRD ARGUMENT

Defendant alleges that the deputy Marshals are entitled to qualified immunity.

This claim of "qualified immunity" is also based on the actions surrounding **February 23, 2005**.

Plaintiff's Amended Complaint have excluded any actions by the U.S. Marshals on **February 23, 2005**, and is solely based on the arrest that took place on **February 18, 2005** in the middle of an extradition proceeding.

Only on **February 23, 2005** did the U.S. Marshals perform a "discretionary" function for the purposes of qualified immunity.

The arrest of Plaintiff on **February 18, 2005** does not constitute a "discretionary" function, but rather a "ministerial" function, and therefore bars Defendants claim of "qualified immunity".

A government officer is only protected by the doctrine of qualified immunity if the alleged tort was committed in the performance of a "discretionary" rather than a "ministerial" function, and the law is clear that an officer has no immunity from suits for torts committed in the course of making an arrest. See <u>Carter v. Carlson 447 F. 2d 358 (D.C. Cir 1971)</u>.

On **February 18, 2005**, the Unkwown Named United States Marshals executed a federal arrest over Plaintiff's person, of which does not constitute a "discretionary" function, therefore this argument must fail.

Second, Defendent argues that the Supremacy Clause was the source of the United States Marshals authority. Plaintiff believes that not even the Supremacy Clause can give the U.S. Marshals authority to arrest Plaintiff in the middle of a pending extradition proceeding between the State of Maryland and the D.C. Superior Court, so there was no need to address the issue.

The Supremacy Clause does not give the U.S. Marshals the authority to violate federalism and the laws governing the fundamental principles of comity between State and federal courts.

The Court in <u>Taylor v. Carryl 61 U.S. 583 (1857)</u> held that District Courts has no right to interfere with the process of the State Courts, when they are exercising their jurisdiction, and also has no right to tresspass upon the sovereign and reserved right of a State.

Also in a majority opinion in that case, the court agreed that it is among the first duties of "every" court of the United States to carefully avoid tresspassing upon the rights reserved to the States, or "interfere" with the process of their courts when they are exercising either concurrent or exclusive jurisdiction. And with the high trust and powers confided by the Constitution to the Supreme Court, it is especially more its duty to abstain from all such interference itself.

In otherwords, not even the Supreme Court could have interfered with the process of the D.C. Superior Court (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER), and removed Plaintiff from the D.C. Jail on **February 18, 2005** by effectuating a federal arrest.

The process of the D.C. Superior held Plaintiff exclusively in custody pending extradition to the State of Maryland.

To say that the United States Marshals can invoke the Supremacy Clause to interfere with the D.C. Superior Court process and effectuate a federal arrest without authority in the middle of an extradition proceeding between two State Courts is contrary to the line of cases which addresses the fundamental principles of comity between out nations State and federal systems of courts.

The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy to attain which it assumed control, before the other court shall attempt to take it for its purpose. Ponzi v. Fessenden 258 U.S. 254

-7-

Pursuant to the fundamental principles of comity which governs our nations State and federal system of courts, the U.S. Marshals could not have arrested Plaintiff on **February 18, 2005**, and then remove Plaintiff from the D.C. Jail into the United States District Court for D.C., once the D.C. Superior Court entered its process (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER) on **February 17, 2005**, which detained Plaintiff at the D.C. Jail pending extradition to the State of Maryland in the custody of the proper officials of that State.

Therefore the arrest of Plaintiff on **February 18, 2005**, which constitutes a "ministerial" function was unlawful, and constitutes an "unreasonable seizure" in violation of the Fourth Amendment.

The arrest of Plaintiff at the District of Columbia Jail on February 18, 2005, pursuant to an arrest warrant in the middle of an extradition proceeding does not bring defendants under the scope of qualified immunity.

A well trained United States Marshal would have known that it was impossible to arrest Plaintiff while Plaintiff was being detained at the D.C. Jail pursuant to the process of the D.C. Superior Court, and if an arrest took place that it would constitute an arrest without authority and violate Plaintiff's right secured by virtue of the Fourth Amendment of the U.S. Constitution, which protects Plaintiff against "unreasonable seizures", therefore Defendants argument of "qualified immunity" must fail.

## PLAINTIFF'S OPPOSITION TO DEFENDANT S' FOURTH ARGUMENT

The Defendant's last argument is that Plaintiff has failed to serve the "Unknown Named United States Marshals" with a copy of the complaint.

Generally if a plaintiff is unable to identify the defendant by name, the plaintiff may take discovery to uncover his or her identity. See, e.g., Arista Records LLC v. John Does 1-19,

Attached hereto as EXHIBIT "C", this Honorable Court will find a copy of Plaintiff's interrogatories.

On March 17, 2008, Plaintiff served Defendants' "interrogatories" pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Plaintiff's interrogatories, specifically asked the Defendants' to state the name, badge number, and address where process may be served on any person identified above in interrogatoey one. See Plaintiff's interrogatories at page 1.

Defendants then moved this Honorable Court to stay discovery in this case when Plaintiff was trying to obtain the names of the "Unknown Named U.S. Marshals".

Plaintiff exercised due diligence in trying to obtain the names of the Unknown Named United States Marshals, but pursuant to an order of this Court, Plaintiff was unable to obtain the names of the Unknown Named United States Marshals.

Defendants' last and final argument must also fail pursuant to the order of this Honorable Court, which stayed discovey.

-9-

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Honorable Court denies Defendants' motion to dismiss, and also lift the order staying discovery, so that Defendants can answer the interrogatories and provide the Plaintiff or the Court with the names of the Unknown Named U.S. Marshals.so that service of process can be effectuated.

Respectfully,

*[signature]*

Courtney Anthony Bailey #27976-016
M.V.C.C.
555 Cornell Drive
Phillipsburg, Pennsylvania
16866

## CERTIFICATE OF SERVICE

I, Courtney Anthony Bailey, hereby certify that on this 24th day of August 2008, I caused a copy of Plaintiff's reply motion to Defendants' motion to dismiss to be served on Defendant by mailing it to the following address:

Harry B. Roback
Assistant U.S. Attorney
Civil Division
555 Fourth Street, N.W.
Washington D.C.
20530

Respectfully,

*[signature]*

Courtney Anthony Bailey #27976-016
M.V.C.C.
555 Cornell Drive
Phillipsburg, Pa
16866

Exhibit 3

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

STATE OF .....MARYLAND.....

vs

BAILEY, COURTNEY

PDID NO. ....474919....

SP NO. ....39....  2005 FEB 19 P 3:34

RECEIVED

## ORDER FOR RETURN OF FUGITIVE UPON WAIVER

BAILEY, COURTNEY ....................................., having appeared with Counsel in open Court on ....FEBRUARY 17, 2005.................................... and having waived further proceedings pursuant to law and indicated his desire to return voluntarily to the State of ....MARYLAND...., is hereby

ORDERED detained at the District of Columbia Jail pending return to the State of ....MARYLAND.... in the custody of the proper officials of that state; and it is

FURTHER ORDERED that if ....BAILEY, COURTNEY.................................... has not been surrendered to the custody of a proper official of the State of ....MARYLAND.... by ....FEBRUARY 23, 2005.... (3 days, not including Saturday, Sunday or holidays), he shall be returned FORTHWITH to this Court for such further proceedings as the Court shall deem appropriate.

....2/17/05....
DATE

....Aida L. Melendez....
JUDGE

## RETURN

OFFICIAL: ................................................................................
NAME

................................................................................
ADDRESS

................................................................................
TITLE

WHITE—COURT COPY
YELLOW—DEFENDANT'S COPY
PINK—JAIL COPY
GOLDENROD—COPY TO BE RETURNED TO COURT AFTER EXECUTED

Form CD-494/Nov. 87

8-1296 wd-234



Exhibit

2005 FUG 000398          In The Matter Of: BAILEY, COURTNEY A

Search Criteria
 Docket Entry
 Images         All Dockets                    Begin Date              SortDescending
 Participant                                   End Date
 Display OptionExclude Non Display Dockets

Search Results

|  |  |  | Amt Owed/ |  |
|--|--|--|--|--|
| Docket Date | Reference | Description | Amt Dism/Credit | Amount Due |
| 2/19/2005 |  | COURTROOM C10. CASE NOLLED. J. ALPRIN/IC |  |  |
| 2/18/2005 |  | PER DETECTIVE NORMA ROMAN, FUGITIVE SQUAD, A DETAINER IS FILED DUE TO LOCAL CHARGES. AUSA BASILE NOTIFIED. JACKET FORWARDED TO C-10 FOR DISPOSITION. EBC/SP |  |  |
| 2/17/2005 |  | EXTRADITION HEARING WAIVED. DEFENDANT ORDERED TO DEMANDING STATE. ORDER FILED HEREIN. PER JUDGE MELENDEZ CJA CERTIFIED. EBC/SP BRANCH |  |  |
| 2/17/2005 |  | AFFIDAVIT AND COMPLAINT FILED. FUGITIVE FROM THE STATE OF MARYLAND CHARGING THEDEFENDANT WITH FTA RECEIVED AND FILED. JACKET FORWARDED TO COURTROOM C-10. EBC/SP BRANCH |  |  |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COURTNEY ANTHONY BAILEY | : | |
| 27976-016 | | |
| L.S.C.I., Allenwood | : | |
| P.O. Box 1000 | | |
| White Deer, Pennsylvania | : | Civil Action No.: 08-0283 (CKK) |
| 17887 | | |
| Plaintiff, | : | |
| v. | : | |
| GEORGE WALSH, | : | PLAINTIFF'S INTERROGATORIES |
| United States Marshals Service | | |
| | : | |
| and | | |
| | : | |
| UNKNOWN DEPUTY MARSHAL | | |
| | : | |
| and | | |
| | : | |
| UNKNOWN NAME UNITED STATES | | |
| MARSHAL SERVICE AGENTS | : | |
| and | : | |
| UNITED STATES MARSHAL SERVICE | : | |
| Defendants. | : | |

..oOo..

### INTERROGATORIES

Pursuant to the federal rules of Civil Procedure (Rule 33), the Defendant(s) shall answer under oath the following interrogatories within thirty (30) days of service as follows:

GENERAL INTERROGATORIES

1. Identify all United States Marshal agents who were present at the District of Columbia Jail on February 18, 2005, and responsible for the arrest and transportation of Plaintiff to the United States District Court for the District of Columbia, and also the Deputy Marshal who accompanied George Walsh in Plaintiff's removal from the District of Columbia on February 23, 2005.

2. State the name, badge number, and address where process may be served on any person identified above in interrogatory one.

1

3. Provide the rank, years of service, age, height, and weight of each individual identified in interrogatory one.

4. If any individual named in response to interrogatory one is no longer employed by the United States Marshals Service, provide the date of termination.

5. What are the procedures in removing an individual who is under state custody into United States Marshals custody (federal jurisdiction)?

6. What process was needed to remove Plaintiff from the District of Columbia Jail on February 18, 2005, after Plaintiff was court ordered to the State of Maryland?

7. What policies are implemented by the United States Marshals Service to safeguard arbitrary removal of individuals into United States Marshals custody?

8. Who authorized Plaintiff's removal from the District of Columbia Jail on February 18, 2005?

9. What is the name of the United States Marshals agent who completed Plaintiff's individual custody report (form 129), on February 18, 2005?

10. When is just an arrest warrant sufficient process to take an individual into United States Marshals custody?

11. What department of the United States Marshals Service trains the agents in arrest procedures, and in the procedures in transfering custody to the United States Marshals?

**WHEREFORE, Plaintiff request all answers to interrogatories be made under oath within thirty (30) days of service.**

Respectfully,

*Courtney Bailey*
Courtney Anthony Bailey
Plaintiff,

2

## CERTIFICATE OF SERVICE

I hereby that on this ___17th___ day of March, 2008, I caused the foregoing interrogatories to be served on Defendant(s), by U.S. pastage, first class mail, postage prepaid as follows:

Gerald M. Auerbach (General Counsel)
U.S. Department of Justice
U.S. Marshals Service Headquarters
Washington D.C.
20530-1000

George Walsh (United States Marshals agent)
U.S. Marshlas Service Headquarters
Washington D.C.
20530-1000

Harry B. Roback
Assistant U.S. Attorney
Civil Division
501 Third Street, N.W.
Washington D.C. 20530

*Courtney Bailey*
Courtney Anthony Bailey #27976-016
L.S.C.I., Allenwood
P.O. Box 1000
White Deer, Pennsylvania
17887