UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COURTNEY ANTHONY BAILEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-0283 (CKK) |
| UNITED STATES MARSHAL SERVICE *et al.*, | ) | |
| Defendants. | ) | |
| COURTNEY ANTHONY BAILEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-0754 (CKK) |
| DISTRICT OF COLUMBIA *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Courtney Anthony Bailey, a prisoner proceeding *pro se* and *in forma pauperis*, filed these two separate actions for damages under 42 U.S.C. § 1983 against law enforcement officials acting on behalf of the federal government and the District of Columbia. He asserts claims for a Fourth Amendment violation, false arrest, false imprisonment, and conspiracy, all arising from a single event. In each case, defendants have filed a motion to dismiss raising the defense of qualified immunity, among other things. Because it is clear from the face of the amended complaints that the defendants are entitled to qualified immunity, the complaints will be dismissed for failure to state a claim upon which relief may be granted.

BACKGROUND

The plaintiff's amended complaints and responses to the dispositive motions have narrowed the claims and relevant facts. The only defendants remaining in these cases are unknown federal marshals and unknown D.C. jail officials who are sued only in their individual capacities. In support of his constitutional and common law claims Bailey alleges that an "impermissible Rule 40 arrest" was made on February 18, 2005 pursuant to an arrest warrant issued by a magistrate judge in the U.S. District Court for the District of Columbia.[1] (Opp'n to Mot. to Dismiss in Civ. A. 08-283 at 5 (identifying the "actions surrounding" the February 18 arrest as "[t]he only action [for which] Plaintiff seeks redress in this Court").) He also alleges that officials conspired to cover up the alleged false arrest. (Am. Compl. in Civ. A. 08-283 at 8.)

According to the amended complaints, on February 16, 2005, the plaintiff was arrested in the District of Columbia on a drug charge, and the next day appeared before a judge in the Superior Court for the District of Columbia. The D.C. drug charge was not prosecuted, but the judge had information that Bailey was a fugitive from justice on state charges in Maryland. Bailey waived extradition and by a Superior Court Order was committed to the D.C. jail until February 23, 2005, in order to allow Maryland state officials time to transport him to Maryland to answer to the pending state criminal charges there. On February 18, 2005, federal marshals presented at the D.C. jail with an arrest warrant issued by a magistrate judge in the United States District Court for the District of Maryland for an unrelated federal criminal drug charge. On the

---

[1] The District of Columbia statute of limitations bars claims for false arrest and false imprisonment that are brought more than one year after the event. D.C. Code §12-301(4). A limitations period defense may be waived, and since the defendants did not raise it in either of these actions, so the Court treats it as waived for purposes of this memorandum opinion.

basis of the federal warrant, D.C. jail officials allowed the federal marshals to arrest Bailey and to transport him to this Court for an appearance before a magistrate judge, where Bailey was offered, and waived, a hearing on his removal to the federal court in Maryland that had issued the arrest warrant.[2]

Bailey contends that the February 18 arrest by the federal marshals was unlawful and that the D.C. jail officials acted unlawfully in relinquishing him to the marshals. There are no allegations of other misconduct by either the D.C. jail officials or the federal marshals. The gravamen of his complaint and his rationale are contained in the following statement:

> The unknown named United States Marshals impermissibly used a valid arrest warrant to remove Plaintiff from the D.C. Jail on February 18, 2005, after Plaintiff was COURT ORDERED detained at the D.C. Jail pending return to the State of Maryland in the custody of a "proper official" of that State.

(Am. Compl. Civ. A. in 08-283 at 8 (punctuation and spelling corrected).) On this basis, he asserts claims for false arrest, false imprisonment, and a violation of his Fourth Amendment protection against unreasonable seizure. (*Id.*) Bailey views the February 18 arrest as unreasonable because "[o]nce Plaintiff was 'in custody' of the District of Columbia Courts, the [federal marshals] lacked the authority to effectuate a federal arrest." (*Id.* at 5-6.) Bailey also asserts that the defendants conspired to cover up the allegedly unlawful arrest. In support of this claim, Bailey notes that certain information on a prisoner tracking form (U.S. Marshal's Form 129) is inaccurate. Specifically, the tracking form indicates that the February 18, 2005 arrest was

---

[2] Bailey has abandoned his claims arising from conduct undertaken pursuant to a February 18, 2005 order issued by the magistrate judge of this Court committing Bailey to the United States District Court for the District of Maryland and authorizing the federal marshals to transport him to that court. (*See* Opp'n to Mot. to Dismiss in Civ. A. 08-283 at 4-5.)

made on Southern Avenue by local law-enforcement when in fact it was made in the D.C. jail by federal marshals. (Am. Compl. in Civ. A. 08-283 at 8.)

DISCUSSION

Questions of qualified immunity "should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987). This is because qualified immunity "is an immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985); *see also Kalka v. Hawk,* 215 F.3d 90, 97 (D.C. Cir. 2000). Raised as it has been here, the defense of qualified immunity challenges the complaint for failure to state a claim upon which relief may be granted. *Jackson v. Bush,* 448 F. Supp. 2d 198, 200 (D.D.C. 2006). On a motion to dismiss for failure to state a claim upon which relief may be granted, a court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. *Maljack Products, Inc. v. Motion Picture Ass'n of America, Inc.,* 52 F.3d 373, 375 (D.C. Cir. 1995). However, a court need not accept inferences unsupported by the factual allegations or legal conclusions cast in the form of factual allegations. *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). In the case of a *pro se* complaint, the complaint must be liberally construed. *Haines v Kerner,* 404 U.S. 519, 520 (1972).

The doctrine of qualified immunity applies where, as here, a plaintiff sues a government agent in his individual capacity. *See, e.g., Komongnan v. U.S. Marshals Service,* 471 F. Supp. 2d. 1, 5 (D.D.C. 2006) (an individual capacity suit against an unknown federal marshal for an alleged constitutional violation). Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Law enforcement officials carrying out discretionary functions are entitled to qualified immunity "so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton,* 483 U.S. at 638.  Making an arrest is a discretionary function.  *See, e.g., Brock v City of Zephyrhills,* 232 Fed. Appx. 925, 927 (11th Cir. 2007) (stating that the act of executing a warrant for an arrest is a discretionary function for purposes of qualified immunity); *Wood v. Kesler,* 323 F.3d 872, 877 (11th Cir. 2003) (determining that trooper making arrest was acting within his discretionary function).  In the context of false arrest claims, "[e]ven law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity."  *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (internal quotation marks omitted).

"Common-law and constitutional claims of false arrest are generally analyzed as though they comprise a single cause of action. . . .  Indeed, the elements of a constitutional claim for false arrest are substantially identical to the elements of a common-law false arrest claim." *Dingle v. District of Columbia,* 571 F. Supp. 2d 87, 95 (D.D.C. 2008) (internal quotation marks, alterations and citations omitted).  The Fourth Amendment prohibits arrests made without probable cause.  *See Barham v. Ramsey,* 434 F.3d 565, 573 (D.C. Cir. 2006).  ("[T]o comport with the Fourth Amendment, a . . . search or seizure must be predicated on particularized probable cause.")

> An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest.  For probable cause to exist, . . . an arrest must be objectively reasonable based on the totality of the circumstances.  This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.

*Wood v. Kesler,* 323 F.3d 872, 878 (11th Cir. 2003) (internal quotation marks and citations omitted). "Where an arresting officer has a reasonable, good faith belief that he is acting pursuant to a properly issued warrant, the arrest is not a false arrest and is not unconstitutional." *McKoy v. Phelps,* No. 95-5193, 1996 WL 393104, *1 (D.C. Cir. 1996) (*per curiam*).

When assessing a qualified immunity defense, the first inquiry a court must make is whether a constitutional right would have been violated on the facts alleged. *Saucier v. Katz,* 533 U.S. 194, 201 (2001); *Barham v. Ramsey,* 434 F.3d at 572. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier,* 533 U.S. at 201. Alternatively, if a constitutional right has been violated, then the officer must demonstrate that "a reasonable officer could have believed" that the actions were lawful "in light of clearly established law and the information the . . . officer[ ] possessed." *Anderson v. Creighton*, 483 U.S. at 641; *see also Harris v. District of Columbia,* 932 F.2d 10, 13 (D.C. Cir. 1991) (stating that "[o]fficials are liable for committing constitutional torts . . . only if they knew, or were unreasonable in not knowing, that their behavior violated the Constitution.").

Here, there is no dispute between the parties that the arrest on February 18 was made pursuant to a facially valid arrest warrant. An arrest warrant issues only after a court has determined that probable cause exists for the arrest. Bailey acknowledges that his arrest on February 18, 2005 was made pursuant to a "valid arrest warrant." (Am. Compl. in Civ. A. 08-283 at 8.) An exhibit to his amended complaint is the docket for the magistrate's case in this Court, No. 05-mj-86, showing a warrant issued by the "USDC for Maryland" and returned executed on February 18, 2005. (Am. Compl. in Civ. A. 08-754, Ex. F.) Thus, taken in the light most favorable to Bailey, the allegations of fact in the amended complaints show that the

unknown defendants acted pursuant to a facially valid arrest warrant and that their conduct was based on a reasonable belief that they had probable cause to effect Bailey's arrest. A valid arrest warrant satisfies the Fourth Amendment prohibition on an unreasonable seizure, and Bailey has therefore not stated a claim for unlawful arrest or imprisonment upon which relief may be granted. Bailey's constitutional and common law claims fail in the face of the concession that the arrest warrant was valid. Bailey's conspiracy claim necessarily fails, also, as it depends on an unlawful arrest.[3] Furthermore, even if the warrant were not valid for some reason — a situation plaintiff does not allege — the fact that the government agents acted on what appeared to be a facially valid warrant would be enough to cloak them with qualified immunity and require dismissal of these suits. "[I]t is inevitable that law enforcement officials will in some case reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such case those officials — like other officials who act in ways they reasonably believe to be lawful — should not be held personally liable." *Anderson v. Creighton,* 483 U.S. at 641.

It appears from Bailey's pleadings and oppositions that he believes, erroneously, that he was immune from arrest — even in the face of a valid arrest warrant — as long as he was in custody under order of the Superior Court to hold him for delivery to state officials from Maryland. (*See* Am. Compl. in Civ. A. 08-283 at 8.) Bailey was not immune from arrest on a valid warrant while he was in custody in the D.C. jail. Rather, Bailey's custody by the order of the Superior Court could be relinquished as a matter of comity to another sovereign on the decision of a representative of the executive branch of the D.C. government. *See U.S. v. Dowdle,* 217 F.3d 610 (8th Cir. 2000) (concluding that where a state had primary jurisdiction, it could,

---

[3] The information about the arrest recorded in the prisoner tracking form appears at odds with reality. This form, however, was not the basis of any court order or probable cause determination. As such, it is immaterial to Bailey's claims here.

through an executive branch decision, elect to relinquish jurisdiction to the United States); *accord Ponzi v. Fessenden,* 258 U.S. 254 (1922) (holding that a federal prisoner could stand trial in state court with the consent of the federal Attorney General, who had custody of the federal prisoner). The unknown D.C. jail officials who are defendants in one of these cases are part of the executive branch of the District of Columbia government. Bailey cannot derive a personal constitutional tort from an issue of comity between two sovereigns. Bailey cites several cases which involved a dispute between two sovereigns regarding personal jurisdiction of one in custody. But here, there was no dispute between two sovereigns. According to the complaint, Bailey's custodian, the District of Columbia, willingly relinquished custody upon request of the federal marshals presenting a facially valid arrest warrant. The conduct of the D.C. jail officials and the federal marshals did not run afoul of the Fourth Amendment or common law prohibitions on false arrest and false imprisonment.

Because the complaints fail to state claims upon which relief may be granted, the complaints will be dismissed and all other pending motions will be denied as moot.[4] A separate order accompanies this memorandum opinion.

---

[4] In one of the pending motions, Bailey seeks to reinstate a dismissed D.C. jail official for the purposes of discovery. Bailey is correct that it is generally proper to allow discovery to determine the identity of unknown defendants. Where discovery is warranted, it can be taken of non-parties and does not necessitate re-instating a defendant for that purpose. "Plaintiffs lacking necessary information about unidentified defendants must seek such information through third-party subpoenas or other third-party discovery, rather than by naming the organizations [or persons] who possess the desired documents [or information] as defendants themselves in an apparent attempt to compel disclosure." *Butera & Andrews v. Int'l Business Machines Corp.,* 456 F. Supp. 2d 104, 114-15 (D.D.C. 2006) (citing *Virgin Records Am. v. John Does 1-35,* Civ. No. 05-1918 (CKK) 2006 WL 1028956, at *1-*3 (D.D.C. Apr. 18, 2006)). Such discovery is not warranted, however, where it would be futile, either because discovery would not reveal the identities sought or because, as here, the complaint should be dismissed on other grounds. *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

-9-

|  |  |
|---|---|
| Date: November 3, 2008 | /s/<br>COLLEEN KOLLAR-KOTELLY<br>United States District Judge |