UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| COURTNEY ANTHONY BAILEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-0283 (CKK) |
| UNITED STATES MARSHAL SERVICE *et al.*, | ) | |
| Defendants. | ) | |
| COURTNEY ANTHONY BAILEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-0754 (CKK) |
| DISTRICT OF COLUMBIA *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

By Order entered November 4, 2008, the Court dismissed plaintiff's case for failure to state a claim upon which relief may be granted. Plantiff has moved for reconsideration. His motion will be treated as one for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure, and will be denied.

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment [or] order . . . for . . . (1) mistake . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Here, the plaintiff argues that the Court is

mistaken about the law, and that his arrest by one sovereign pursuant to a valid arrest warrant issued by that sovereign while he was in custody under a valid order from another sovereign violated his rights under the Fourth Amendment.  In support of his position, he cites *U.S. v. Stephens,* 315 F. Supp. 1008 (W.D. Okla. 1970), for the proposition that "in order for a U.S. Marshal to lawfully execute a federal arrest while a Defendant is 'in custody' [by order of a different sovereign], a U.S. Marshal[] must have a writ to accompany the facially valid arrest warrant, otherwise the arrest becomes unlawful." (Pl.'s Mot. for Recons. at 2.)  Plaintiff misconstrues *Stephens*.  The court in *Stephens* determined that persons already in the custody of the United States "may be transferred from the district of detention to the district of trial by writ of habeas corpus ad prosequendum," without a removal proceeding under Rule 40 of the Federal Rules of Criminal Procedure.  *Stephens*, 315 F. Supp. at 1011.  Plaintiff's use of *Stephens* to support his argument is unavailing and his argument is without merit.

Because the plaintiff has neither demonstrated that the Court made a mistake of law nor provided any reason justifying relief from operation of the Order, it is hereby

ORDERED that plaintiff's motion to set aside the Order dismissing this case for failure to state a claim upon which relief may be granted be is DENIED.

Date: December 5, 2008

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge