# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| COURTNEY ANTHONY BAILEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-0283 (CKK) |
| UNITED STATES MARSHAL SERVICE *et al.*, | ) | |
| Defendants. | ) | |
| COURTNEY ANTHONY BAILEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-0754 (CKK) |
| DISTRICT OF COLUMBIA *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two motions in each of these two cases seeking relief from the judgment. For the reasons stated, the motions will be denied.

### I. BACKGROUND

In these two related *pro se* actions for money damages, plaintiff alleged that his arrest on February 18, 2008, pursuant to a valid warrant issued by a federal court, deprived him of his Fourth Amendment protection against unreasonable arrest and constituted common law false arrest and false imprisonment.[1] By final order entered November 4, 2008, the Court dismissed

---

[1] Additional background information relating to the merits of the actions is set forth in *Bailey v. U.S. Marshal Service,* 584 F. Supp. 2d 128 (D.D.C. 2008).

the cases after concluding that the plaintiff had not alleged facts sufficient to support a reasonable inference that his Fourth Amendment protections had been violated, or that he had been subjected to false arrest or imprisonment. *Bailey V. U.S. Marshal Service,* 584 F. Supp. 2d at 133 ("Bailey acknowledges that his arrest on February 18, 2005 was made pursuant to a 'valid arrest warrant.'") (quoting the Compl. in Civil Action 08-283 at 8).

Twenty days later, plaintiff moved for reconsideration. A motion made under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend a judgment, must be filed within 10 days after entry of the judgment. Fed. R. Civ. P. 9(e). Because the motion was not filed within 10 days after entry of the judgment and because extension of the time, even on motion, is expressly prohibited by Rule 6(b)(2), the plaintiff's motion was treated as one made under Rule 60(b), for relief from judgment or order. *See Computer Professionals for Social Responsibility v. U.S. Secret Service,* 72 F.3d 897, 903 (allowing an untimely motion under Rule 59(e) to be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule.) After considering plaintiff's arguments under the standards for Rule 60(b)(1) (for mistake) and (b)(6) (for any other reason), plaintiff's motion was denied.[2] *See* Slip op. *Bailey v. U.S. Marshall*

---

[2] Had the motion been considered under the standards applicable to a Rule 59(e) motion, the result would have been no different. Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citation omitted). A Rule 59(e) motion to reconsider is not intended to provide an opportunity to reargue facts and theories upon which a court has already ruled. *New York v. United States*, 880 F.Supp. 37, 38 (D.D.C. 1995). "Only if the moving party presents new facts or a clear error of law which 'compel' a change in the court's ruling will the motion to reconsider be granted." *Id*. at 39. A Rule 59(e) motion is also not a vehicle for presenting theories or arguments that could have been advanced earlier. *See W.C. & A.N. Miller Companies,* 173 F.R.D. 1, 3 (D.D.C. 1997).

*Service,* 2008 WL 5133958 (D.D.C. Dec. 5, 2008). Ten days later, on December 15, 2008, the plaintiff filed a second such motion. On January 2, 2009, the plaintiff filed a notice of appeal in these cases. Then, on February 23, 2009, he filed a third motion for relief from the judgment, this time expressly invoking Rule 60(b)(6).

## II.  DISCUSSION

If the plaintiff intended the December 15 motion as one under Rule 59(e), it is time-barred. A Rule 59(e) motion is available only to alter or amend a judgment, and must be filed within tend days of the entry of the judgment. The judgment in these cases was entered November 4, 2008. The December 15 motion also cannot be considered a motion under Rule 54(b), which is limited to reconsideration of orders that are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Accordingly, the December 15 and February 23 motions are both properly considered as ones made under Rule 60(b)(6).

Rule 60(b) "was intended to preserve the delicate balance between the sanctity of final judgments . . .and the incessant command of the court's conscience that justice be done in light of all the facts." *Good Luck Nursing Home v. Harris,* 636 F.2d 572, 577 (D.C. Cir. 1980) (internal quotation marks and citation omitted). Subsection (b)(6) allows a court to alter or provide relief from a final order "upon such terms as are just," for any "reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The Supreme Court has stated that given the breadth of subsection (b)(6), it should only be used in "extraordinary circumstances." *See Pioneer Investment Serv. Co. v. Brunswick Assoc. Limited Partnership,* 507

U.S. 380, 393 (1993); *see also, Kramer v. Gates,* 481 F.3d 788, 792 (D.C. Cir. 2007) (stating that the remedy should be "sparingly used").

Plaintiff's successive Rule 60(b)(6) motions merely reargue the theory he originally advanced.  They do not provide a basis for granting relief from the judgment.  The Fourth Amendment guarantees that a plaintiff shall not be arrested except upon probable cause.  The plaintiff has not asserted that his arrest on February 18, 2008 was without probable cause.  Rather, he advances a theory that the arrest was void — and therefore unconstitutional — because the arresting officers did not observe rules of comity between two sovereigns.  Rules of comity between sovereigns do not establish private rights under the Fourth Amendment and do not afford a private cause of action for a constitutional tort.  Plaintiff's argument, no matter how often repeated, remains unavailing.  Plaintiff has not offered a reasonable basis for reconsidering or altering the determination that he has not stated a claim under Section 1983 or *Bivens* against individual officers for a violation of his Fourth Amendment and common law protections against unlawful arrests.  Accordingly, it is hereby

ORDERED that the plaintiff's pending motions for reconsideration and relief from the judgment be, and hereby are, DENIED.

Date:  April 2, 2009

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge